FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -6 PM 3: 20

David A. Devine (AK Bar No. 7906015)
GROH EGGERS, LLC
3201 "C" Street - Suite 400
Anchorage, AK 99503
Phone: (907) 562-6474
Fax:     (907) 562-6044
Email: devined@groheggers.com
Attorneys for Defendants BBA Aviation Benefit Plan
and BBA Aviation Shared Services, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK HIVELY | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. A 05-214 CV (JKS)<br>) |
| BBA AVIATION BENEFIT PLAN<br>and BBA AVIATION SHARED<br>SERVICES, INC., | )<br>)<br>) **SCHEDULING AND PLANNING**<br>) **CONFERENCE REPORT** |
| Defendants. | )<br>) |

1. **Meeting**. In accordance with F.R.Civ.P. 26(f), a conference was held on November 28, 2005, and was attended by:

    David D. Clark, attorney for the plaintiff.

    David A. Devine, attorney for the defendants.

The parties recommend the following:

2. **Pre-Discovery Disclosure**s. The information required by F.R.Civ.P. 26(a)(1):

    ____ has been exchanged by the parties

    _X_ will be exchanged by the parties by **January 20, 2006.**



Preliminary witness lists:

___ have been exchanged by the parties

_X_ will be exchanged by **January 20, 2006**.

3. **Contested Issues of Fact and Law.** Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

   Liability of defendants for medical bills claimed by plaintiff
   Liability of defendants for statutory penalties under 29 USC § 1132(c)
   Liability of defendants for attorney's fees under 29 USC § 1132(g)
   Affirmative defenses
   Damages
   Mitigation of damages

4. **Discovery Plan.** The parties jointly propose to the court the following discovery plan:

   A. Discovery will be needed on the following issues:

   Liability of defendants for medical bills claimed by plaintiff
   Liability of defendants for statutory penalties under 29 USC § 1132(c)
   Liability of defendants for attorney's fees under 29 USC § 1132(g)
   Affirmative defenses
   Damages
   Mitigation of damages

   B. All discovery commenced in time to be completed by **October 3, 2006** (**"Discovery Close Date"**).

   C. Limitations on Discovery.

   1. Interrogatories.

   _X_ No change from F.R.Civ.P. 33(a)

   ___ Maximum of ___ Interrogatories by each party to any other party.

   Responses due in ___ days after service.

Law Offices of
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

2. Requests for Admissions.

__X__ No change from F.R.Civ.P. 36(a).

___ Maximum of (number) requests. Responses due in (number)days.

3. Depositions.

__X__ No change from F.R.Civ.P. 30(a), (d).

___ Maximum of ___ depositions by each party, in addition to depositions of the parties and experts.
Depositions not to exceed ___ hours unless extended by agreement of all parties.

D. Reports from retained experts.

The parties discussed, but could not agree to, the timing of expert disclosures. Plaintiff seeks a simultaneous exchange of expert reports 90 days before the discovery close date. Defendant seeks a staggered exchange with Plaintiff producing its expert reports 90 days before the discovery close date, and Defendant producing its expert reports 60 days before the discovery close date.

Plaintiff's Position:

Plaintiff alleges that the defendants have denied reimbursement to plaintiff for approximately $9,500 in medical bills. Plaintiff asserts the denial of benefits was based on policy exclusions. It is a basic rule of insurance law that the insured carries the burden of showing a covered loss has occurred and the insurer must prove facts that bring a loss within an exclusionary clause of the policy. *M.H. Lipiner & Son, Inc. v. Hanover Ins. Co.*, 869 F.2d 685, 687 (2d Cir. 1989); *Texas Eastern Transmission Corp. v. Marine*

Law Offices of
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

*Office-Appleton & Cox Corp.*, 579 F.2d 561, 564 (10th Cir. 1978); *Milliken v. Fidelity & Casualty Co.*, 338 F.2d 35, 41 (10th. Cir. 1964). An insurer that wishes to defend its denial of benefits in an ERISA case by relying on an **exclusion** clause has the burden of proving that that clause, strictly construed, is applicable. *Critchlow v. First UNUM Life Ins. Co. of Am.*, 378 F.3d 246, 260 (2d Cir. 2004) Plaintiff believes that the defendants should have to produce their expert opinions first, as they denied Plaintiff's requests for reimbursement based on exclusions and bear the burden of proof. The plaintiff believes that to require plaintiff to provide his expert testimony first will be prejudicial and work a hardship on the plaintiff.

Defendant's Position:

Defendants have denied the plaintiff's allegations. Defendants believe that since the plaintiff bears the burden of proof in this lawsuit, the plaintiff should be prepared to support the claim that he initiated. *Juliano v. Health Maintenance Organization of New Jersey, Inc.*, 221 F.3d 279, 287-8 (2nd Cir. 2000) ("[Plaintiffs] were required to prove their [ERISA] case; to establish that they were entitled to [the] benefit [sought] pursuant to the terms of the Contract or applicable federal law."). Defendants believe that since plaintiff bears the initial burden of proof, he should be required to make his expert disclosures first. Defendants cite this Court to Wright-Miller-Marcus, Federal Practice & Procedure, § 2031.1 at 442-3: "The expectation is that the timing and sequence of these [expert] disclosures will be directed by the court, probably on the basis of the conference required by Rule 26(f). The Advisory Committee Notes foresee that 'in most instances

Law Offices of
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

the party with the burden of proof on an issue should disclose its expert testimony on that issue before the other parties are required to make their disclosures with respect to that issue.'"

Defendants believe that since the plaintiff bears the burden of proof, and that since by nature a defendant must respond to and rebut the expert testimony of a plaintiff, the defendants will be prejudiced if they are forced to respond to plaintiff's experts before even learning what plaintiff's experts have to say. Alternatively, the defendants believe that if the Court decides to require a simultaneous exchange of expert reports, then rebuttal reports should also be allowed so that defendants have an opportunity to respond to whatever opinions the plaintiff's experts may disclose in support of his claim.

E. Supplementation of disclosures and discovery responses are to be made:

　　X　Periodically at 60-day intervals from the entry of the scheduling and planning order.

　　___　As new information is acquired, but not later than 60 days before the discovery close date.

F. A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

　　X　45 days prior to the discovery close date.

　　___　Not later than (*insert date*)

5. **Pretrial Motions**.

　　X　No change from D.Ak. LR 16.1(c).

The following changes to D.Ak. LR 16.1(c). [Check and complete all that apply]

Law Offices of
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

Planning Conference Report
Page 5 of 7

*Hively v. BBA Aviation*
Case No. A 05-214 CV (JKS)

    \_\_\_ Motions to amend pleadings or add parties to be filed not later than (*insert date*).

    \_\_\_ Motions under the discovery rules must be filed not later than (*insert date*).

    \_\_\_ Motions in limine and dispositive motions must be filed not later than (*insert date*).

6. **Other Provision**s:

    A. _X_ The parties do **not** request a conference with the court before entry of the scheduling order.

    \_\_\_ The parties request a scheduling conference with the court on the following issue(s):

    _____
    _____
    _____

    B.     Alternative Dispute Resolution [D.Ak.LR 16.2]:

        \_\_\_ This matter is not considered a candidate for court-annexed alternative dispute resolution.

        _X_ The parties will file a request for alternative dispute resolution not later than <u>30 days after the discovery close date</u>.

        _X_ Mediation          \_\_\_ Early Neutral Evaluation

    C. The parties \_\_\_ do _X_ **not** consent to trial before a magistrate judge.

    D. Compliance with the Disclosure Requirements of F.R.Civ.P. 7.1

        _X_ All parties have complied      \_\_\_ Compliance not required by any party

Law Offices of
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

7. **Trial**.

    A. The matter will be ready for trial:

        __X__ **45 days** after the discovery close date.

        ____ not later than (*insert date*).

    B. The matter is expected to take __5 days__ to try.

    C. Jury Demanded: ___ Yes   _X_ No

        Right to jury disputed?   ____ Yes   _X_ No

LAW OFFICE OF DAVID D. CLARK

Attorneys for Plaintiff Hively

Date: 12-6-05        By: _____
                          David D. Clark
                          Alaska Bar No. 8310110

GROH EGGERS, LLC

Attorneys for Defendants BBA Aviation

Date: Dec. 5, 2005   By: _____
                          David A. Devine
                          Alaska Bar No. 7906015

Law Offices of
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044