FILED

DEC 0 8 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____Deputy

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JACK HIVELY,                         )
                                     )
        Plaintiff(s),                )
                                     )   Case No. A05-0214 CV (JKS)
v.                                   )
                                     )
BBA AVIATION BENEFIT PLAN,           )
ET AL.,       )                      )
                                     )
        Defendant(s).                )
_____)

SCHEDULING AND PLANNING ORDER

Based upon information available to the court through a status report completed by the parties pursuant to Rules 16 and 26(f), Federal Rules of Civil Procedure, and D.Ak. LR 16.1, and, if one was held, the scheduling and planning conference, this order for the pre-trial development of the case is entered pursuant to Rule 16(b), Federal Rules of Civil Procedure.

### Discovery

Discovery shall be conducted in accordance with Rules 26 through 37, Federal Rules of Civil Procedure, D.Ak. LR 30.1, 32.1, and 37.1, and the discovery plan contained in the status report of the parties except that:

(1) Counsel for each party must contemporaneously prepare and maintain a written record of all disclosures and supplementation of disclosures or responses made to requests for discovery under Rule 26(a) and (e), Federal Rules of Civil Procedure.  Unless

SCHEDULING & PLANNING ORDER
[]{IIC2.WPD*Rev. 7/04}



required in support of a motion or by order of the court, disclosures and supplemental disclosures are not to be filed with the court.

    (2) Joint statement of issues:

        (a)  _X_  Nothing further is required.

        (b)  ___  The parties have not submitted a preliminary joint statement of issues. The parties shall meet, prepare, and file a preliminary joint statement of issues by  .

        (c)  ___

    (3) Preliminary disclosures (including a preliminary witness list) is required as a part of the Rule 26(a)(1) disclosure:

        (a)  ___  Have been exchanged

        (b)  _X_  Will be exchanged by January 20, 2006.

    (4) Expert witness disclosures in accordance with Rule 26(a)(2) must be made no later than 90 days before the close of discovery.

    (5) No later than 30 days before the close of discovery, each party shall serve and file a final, revised witness list which unless otherwise specifically stated must include expert as well as lay witnesses. Only those witnesses so disclosed will be permitted to testify at trial.

    (6) All discovery must be scheduled so as to be <u>completed</u> by **October 3, 2006** .

    (7) If expert witness or other fact discovery is not completed by the dates above specified, counsel may stipulate to a continuance of no more than two months for completion of the same, provided that any such stipulation shall state precisely what discovery remains and when it will be accomplished. A discovery conference must be requested if more time is required to complete such discovery. The court will not routinely approve requests or stipulations for extensions of time for discovery.

SCHEDULING & PLANNING ORDER
[]{IIC2.WPD*Rev. 7/04}        2

    (8) Limits on discovery:
        (a)  _X_ No limitations on discovery other than those suggested by the parties are imposed at this time.
        (b)  ___ Requests for admissions are limited to__.
        (c)  ___ Interrogatories(including subparts) to parties are limited to __.
        (d)  (1)  __ Depositions are limited to __ per side
            (2)  __ Depositions are limited to __ hours per non-party witness.
        (e)  ___ [other as directed by the court].
    (9) Disclosures and discovery responses are to be supplemented in accordance with Rule 26(e) at:
        (a)  _X_ 60-day intervals; or
        (b)  ____ 60 days before the close of discovery.
    (10) The disclosures required by Rule 26(a)(3), Federal Rules of Civil Procedure, to the extent not covered by this order, will be addressed by the court in an Order for Pre-Trial Proceedings & Final Pre-Trial Conference that the court will issue concurrent with setting this case for trial.
    (11) The deadline for completion of discovery is applicable to all depositions, including what some lawyers call "perpetuation" depositions. A deposition may be taken after the close of discovery only by leave of court obtained upon a showing of good cause why the deposition was not taken prior to the close of discovery.

Motions

    (1) Motions to add other parties and/or amend the pleadings subsequent to the date of this order must be served and filed no later than 90 days before the close of discovery. Thereafter, parties may be added and/or pleadings amended only upon leave of court and for good cause shown.
    (2) All motions under the discovery rules must be filed no later than thirty (30) days following the date set for the closure

SCHEDULING & PLANNING ORDER
[]{IIC2.WPD*Rev. 7/04}                                                                                      3

of a class of discovery. Discovery motions will be stricken if the parties fail to comply with Rule 37(a)(2), Federal Rules of Civil Procedure, and D.Ak. LR 37.1.

(3) Dispositive motions and motions <u>in limine</u> must be filed no later than thirty (30) days following the date set for the closure of all discovery.

### Further Pre-Trial Proceedings

(1) The parties have not consented to all future proceedings in this case being before a United States magistrate judge.

(2) Status, discovery, settlement, or other pre-trial conferences will be scheduled at the request of a party or at the discretion of the court.

(3) In the event that discovery is completed more than 45 days before the discovery close date set in this scheduling and planning order, and if no dispositive motion is to be made by any party, counsel for the plaintiff must file a certificate that the case is ready for trial as provided in D.Ak. LR 40.3(b). When the time allowed for discovery and motion practice has passed, and all pending dispositive motions have been ruled upon, the court will call upon the parties to certify the case ready for trial.

### Trial

It is estimated that this case will require 5 days for trial by court.

DATED at Anchorage, Alaska, this 8 day of December, 2005.

James K. Singleton, Jr.
United States District Judge

A05-0214--CV (JKS)   am 12/8/05
J. DEVINE (GROH)
J. CLARK

SCHEDULING & PLANNING ORDER
[]{IIC2.WPD*Rev. 7/04}

4

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -7 PM 3: 54

Andrew Guidi
DELANEY WILES HAYES GERETY
ELLIS & YOUNG, INC.
1007 West Third Avenue, Suite 400
Anchorage, AK 99501
   (907) 279-3581
   (907) 277-1331 fax
*Attorneys for Defendant*
FIRST FINANCIAL INSURANCE COMPANY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ERIC LUTZ, as assignee of rights of Dean Bruington d/b/a DB Enterprises,<br><br>    Plaintiffs,<br><br>v.<br><br>FIRST FINANCIAL INSURANCE COMPANY, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) No. A04-229-CV (JKS)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATION AND ORDER FOR EXTENSION OF TIME**

Plaintiff and defendant hereby stipulate and agree:

Defendant shall have until **December 19, 2005** to file its reply brief regarding Plaintiff's Opposition to Defendant's Motion for Summary Judgment dated December 1, 2005.

COOK & ASSOCIATES
*Attorney for Plaintiff*

Date: 12/7/05

Tim Cook   9007048

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

DELANEY, WILES, HAYES,
GERETY, ELLIS & YOUNG, INC.
*Attorneys for Defendant*

FILED
DEC 0 8 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

Date: 12-7-05          _____
                       Andrew Guidi   8312171

## O R D E R

Based on the foregoing Stipulation of counsel, it is hereby ordered: Defendant shall have until **December 19, 2005** to file its reply brief regarding Plaintiff's Opposition to Defendant's Motion for Summary Judgment dated December 1, 2005.

DATED this 8 day of December, 2005.

_____
James K. Singleton, Jr.
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE:**
This certifies that I am an authorized agent of Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc., for service of papers pursuant to Civil Rule 5, and that on the 7th day of **December, 2005,** I caused a true and correct copy of the foregoing to be ☐-**FAXED;** ☒-**HAND-DELIVERED;** ☐-**MAILED F/C MAIL** to the following:

**Plaintiffs**
Tim Cook
Attorney at Law
3901 Taiga Drive
Anchorage, AK 99516

A04-0229--CV (JKS)   an 12-8-05
------------------------------
A. GUIDI (DELANEY)
T. COOK

_____
Donna K. Daniels/111316

DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Page 2