**LAW OFFICE OF DAVID CLARK**
**101 EAST NINTH AVE., SUITE 12-B**
**ANCHORAGE, AK  99501**
 Phone       (907) 272-7989
 Fax         (907) 274-9829
 Email       dclark@lawddc.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK HIVELY and GALINA HIVELY, <br><br> Plaintiff, <br><br> v. <br><br> BBA AVIATION BENEFIT PLAN AND BBA AVIATION SHARED SERVICES, INC. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. A-05-214 CI (JKS) |

## SECOND AMENDED COMPLAINT

Comes Now Plaintiff, Jack Hively and Galina Hively, through their lawyers, Law Office of David D. Clark, for their complaint, allege:

## JURISDICTION AND PARTIES

1.　This is a case of arising under 29 USC §1001 et seq, as shown hereinafter fully appears.

2.　This is a matter within ERISA and this Court has jurisdiction pursuant to 29 U.S.C. Sec. 1132(e).

3.　Plaintiffs are residents of the State of Alaska.  The injuries complained of herein occurred in the State of Alaska.

4. On information and belief, Defendants BBA Aviation Benefit Plan and BBA Aviation Shared Services, Inc. are residents of the State of Florida

## FACTS COMMON TO ALL COUNTS

5. Jack Hively was employed with Signature Flight Support Corporation and Aircraft Service International Service Group, companies covered by the BBA Aviation Benefit Plan. Galina Hively is married to Jack Hively and was covered by the BBA Aviation Benefit Plan.

6. Jack Hively and his wife Galina Hively were injured and became ill at different times and made application to defendants for medical benefits.

7. Defendants refused to pay the customary and reasonable costs of the services provided plaintiff and his wife. Defendants also refused to pay based on denial letters that stated "Services are part of a Main Procedure", "Exceeded Out of Pocket Maximum" and "Out of Network Services". Plaintiffs appealed the refusals of the defendants to pay the services of the treating physicians, health providers, hospitals and related entities.

8. Plaintiff, Jack Hively on his behalf and on Galina Hively's behalf made written request as required under ERISA and the BBA Health Benefit Plan for documents which the defendants were obligated to provide to plaintiffs to allow them to fairly evaluate his claims and appeals. Defendants ignored each and every request for documentation made by plaintiff.

9.    Defendants ignored each and every appeal made by plaintiffs for benefits wrongfully denied.

10.    Plaintiffs have and will incur attorney's fees in prosecuting these claims.

## COUNT I
## PAYMENT OF MEDICAL BILLS

11.    All previous allegations are incorporated herein.

12.    All medical charges incurred by the plaintiffs were reasonable and necessary.  The plan defines "Reasonable Charge" in part as "the prevailing charge level in the geographic area where the provider is located and other geographic areas having similar medical cost experience."  Alaska is a geographic area and the defendants failed to pay commensurate with the prevailing geographic charge.  The other denials for medical charges were incorrect.

13.    Defendants refusal to pay bills was arbitrary and capricious.  The failure to pay the medical bills pursuant to the plan and ERISA have damaged plaintiffs, the exact amount to be proven at trial.

## COUNT II
## STATUTORY PENALTY
## (29 USC §1132(c)(1))

14.    All previous allegations are incorporated herein.

15.    Plaintiffs made good and lawful requests for information as required by the plan and 11 USC §1132(c).

16. The defendants have refused and continue to refuse to provide any of the information that plaintiffs have requested.

17. Plaintiffs are entitled to statutory penalties in the amount set for the statute the exact amount to be established at trial.

### COUNT III
### ATTORNEY FEES

18. All previous allegations are incorporated herein.

19. 29 USC §1132(g) provides for attorneys fees to be paid to beneficiary or participant of a plan who brings an action.

20. Plaintiffs are beneficiary/participants and are entitled to be paid their attorney fees for prosecuting this action.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For a money judgment pursuant to Count 1 the exact amount to be proven at trial.

2. For a money judgment pursuant to Count II the exact amount to be established at trial.

3. For costs and attorney fees pursuant to Count III.

4. For pre-judgment and post-judgment interest at the maximum rate allowed by law.

Second Amended Complaint
Hively v. BBB Health Trust
Case No. 3AN-05-214 CI
Page 4 of 5

     5.     For such other and further relief that is just and equitable.

DATED at Anchorage, Alaska, this 3rd day of July, 2006.

                 LAW OFFICE OF DAVID D. CLARK
                 Attorneys for Plaintiffs

                 By:__s/ David Clark_____
                      101 E. 9th Ave., Suite 12-B
                      Anchorage, AK 99501
                      Phone:    (907) 272-7989
                      Fax:      (907) 274-9829
                      E-mail    dclark@lawddc.com
                      AK Bar No. 8310110

I HEREBY CERTIFY that on July 3, 2006
a copy of the foregoing was served electronically on :

David A. Devine
Groh Eggers, LLC

     s/ David Clark

Second Amended Complaint
Hively v. BBB Health Trust
Case No. 3AN-05-214 CI
Page 5 of 5