David A. Devine (AK Bar No. 7906015)
GROH EGGERS, LLC
3201 "C" Street - Suite 400
Anchorage, AK 99503
Phone: (907) 562-6474
Fax:    (907) 562-6044
Email: devined@groheggers.com

Attorneys for Defendants BBA Aviation Benefit Plan
and BBA Aviation Shared Services, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK HIVELY and GALINA HIVELY )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BBA AVIATION BENEFIT PLAN )<br>and BBA AVIATION SHARED )<br>SERVICES, INC., )<br>)<br>Defendants. )<br>_____) | Case No. 3:05-cv-0214 (TMB)<br><br>**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: STATUTORY PENALTY** |

COME NOW the Plaintiffs, BBA Aviation Benefit Plan and BBA Aviation Shared Services, Inc. (hereinafter jointly "BBA"), by and through counsel and file this motion for partial summary judgment to dismiss with prejudice Count II of Plaintiffs' Second Amended Complaint. (Docket 21).

In Count II Plaintiffs asserted a claim for a statutory penalty pursuant to 29 U.S.C. § 1132(c)(1). That statute subjects an ERISA plan administrator to a penalty in a discretionary amount of up to $100 per day if the administrator refuses to comply with a request for information required to be furnished a participant or beneficiary under "this

BBA's Motion for Partial Summary Judgment *Hively v. BBA Aviation*
Page 1 of 9                                                                    Case No. 3:05-cv-0214 (TMB)
Case 3:05-cv-00214-TMB   Document 26   Filed 09/19/06   Page 1 of 9

Law Offices of
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

subchapter." The subchapter referred to is 29 U.S.C. § 1001 through § 1191c. Not all requests for information implicate the statutory penalty authorized in the Act. Rather, only a written request for the documents explicitly defined in the statute forms the necessary prerequisite for the imposition of a statutory penalty.

29 U.S.C. § 1024(b)(4) requires that upon the written request of a participant or beneficiary, the administrator of an ERISA plan must furnish the participant or beneficiary with a copy of (1) the latest updated summary plan description, (2) the latest annual report, (3) any terminal report, or (4) the bargaining agreement, trust agreement, contract or other instrument under which the plan is established or operated. However, the information that Plaintiffs allege was not provided to them does not fall within one of these four categories, and therefore their claim for a statutory penalty fails as a matter of law.

## I

## Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted if there is no genuine dispute as to material facts and the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material facts. *Id.* at 323-325.

Once the moving party has met this burden, the non-moving party must set forth

Law Offices of
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

BBA's Motion for Partial Summary Judgment *Hively v. BBA Aviation*
Page 2 of 9 Case No. 3:05-cv-0214 (TMB)
Case 3:05-cv-00214-TMB   Document 26   Filed 09/19/06   Page 2 of 9

evidence of specific facts showing the existence of a material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-9 (1986). The non-moving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial. *Id.* The non-moving party makes this showing only by demonstrating that there is "significant, probative evidence tending to support his legal theory." *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 282 (9th Cir. 1979) *quoting First National Bank v. Cities Service Co.*, 391 U.S. 253, 290 (1968).

## II

## FACTS

To ascertain the basis for Plaintiffs' claim for a statutory penalty, BBA submitted its Second Discovery Request to Plaintiffs seeking information about the information the Hivelys allege they sought and were not provided:

> Interrogatory No. 1: In connection with your claim for statutory penalties pursuant to 29 U.S.C. § 1132(c), for **each** instance where you allege that defendants either failed to respond, responded inadequately, or responded late to a request for information made by plaintiff, please:
> 1. Describe in detail what information was requested;
> 2. State the date of the request for information;
> 3. State whether the request for information was written or verbal;
> 4. State by whom the request for information was made;
> 5. State to whom the request for information was directed;
> 6. State whether you received a response to the request for information;
> 7. State the date on which a response to the request for information was made;
> 8. State who made the response to the request for

Law Offices of
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

BBA's Motion for Partial Summary Judgment  *Hively v. BBA Aviation*
Page 3 of 9  Case No. 3:05-cv-0214 (TMB)
Case 3:05-cv-00214-TMB   Document 26   Filed 09/19/06   Page 3 of 9

                information;
9. Describe in detail the response you received; and
10. Explain in detail why you believe the response to the request for information was deficient or inadequate.

See Exhibit A hereto.

In their answer to this discovery request, Plaintiffs identified the following specific information requests:

1. What was the CTP Code[1] or Codes used by UHC[2] in establishing the reimbursement amount?
2. Specifically, how did UHC determine the amount it allowed?
3. If database firm was used, what was the name of the company & its relationship with UHC?
4. Did UHC "downcode" the CTP Code submitted by the health service provider?
5. Was Alaska the only area used to determine the amount UHC allowed?

See Exhibit B hereto.[3]

Although Defendants will vigorously contest the Hivelys' allegations if this matter proceeds to trial, for purposes of this motion only, BBA asks the Court to *assume* that this

---

[1] Current Procedural Terminology (CPT) codes are used by physicians and other health care providers for reporting medical services and procedures. CPT codes are **not** something proprietary to BBA or its health benefit plan but are instead an American Medical Association copyrighted product. The purpose of such codes is to provide a uniform nationwide language to describe medical services.

[2] United HealthCare Insurance Company (UHC) provided administrative services to the BBA Aviation Benefit Plan in connection with the processing of claims for health care services.

[3] For convenience and to reduce the size of the electronic document filed with the Court, only the first page of Plaintiffs' discovery answer is attached. In their answer, Plaintiffs identified every medical service they received and the amount in dispute for payment for that service, but they admitted that the information requested from BBA was a single basic request they made applicable to all such disputes. The information Plaintiffs say they requested from BBA is set forth in the box located in the upper center of the first page of their discovery response, and it is only that first page that constitutes Exhibit B hereto.

Law Offices of
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

BBA's Motion for Partial Summary Judgment                       *Hively v. BBA Aviation*
Page 4 of 9                                                   Case No. 3:05-cv-0214 (TMB)
Case 3:05-cv-00214-TMB   Document 26   Filed 09/19/06   Page 4 of 9

Law Offices of
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

information was requested by Plaintiffs and was not provided by BBA.[4] The legal issue presented is whether a request for this information is the type of request that calls into play the statutory penalty in ERISA.

## III

## ARGUMENT

29 U.S.C. § 1024(b)(4) provides:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instrument under which the plan is established or operated. The administrator may make a reasonable charge to cover the cost of furnishing such complete copies. The Secretary may by regulation prescribe the maximum amount which will constitute a reasonable charge under the preceding sentence.

In *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 115 S.Ct. 1223, 131 L.Ed.2d 94 (1995), the United States Supreme Court examined the language of this statute. The Court first noted that one of "ERISA's core functional requirements … is that '[e]very employee benefit plan shall be established and maintained *pursuant to a written instrument*.'" 514 U.S. at 83, 115 S.Ct. at 1230 (emphasis in original). The Court then concluded that 29 U.S.C. "§ 1024(b)(4) … require[s] plan administrators, upon written request, to furnish beneficiaries with copies of **governing plan documents** for a reasonable copying charge[.]" 514 U.S. at 84, 115 S.Ct. at 1231 (emphasis added).

---

[4] There is no dispute that like all employees, Hively was given a complete copy of the BBA Aviation Benefit Plan, which included a Summary Plan Description, and a copy of a Benefit Summary for that Plan. Thus, Hively was given the statutorily defined governing documents for the BBA Plan as required by ERISA

BBA's Motion for Partial Summary Judgment            *Hively v. BBA Aviation*
Page 5 of 9            Case No. 3:05-cv-0214 (TMB)

In other words, not all requests for information will form a foundation for the imposition of a statutory penalty. Instead, only the plan's actual governing plan documents fall into the category of material that must be produced pursuant to the statute. Relying on *Curtiss-Wright*, the Ninth Circuit concluded *en banc* that 29 U.S.C. § 1024(b)(4) "requires the disclosure of only the documents described with particularity[5] and 'other instruments' similar in nature." *Hughes Salaried Retirees Action Committee v. Administrator of the Hughes Non-Bargaining Retirement Plan*, 72 F.3d 686, 691 (9th Cir. 1995), *cert.* denied 517 U.S. 1189, 116 S.Ct. 1676, 134 L.Ed.2d 779 (1996). In that case, the Court determined that a request for a list of the names and addresses of plan participants was not a request for a governing plan instrument and therefore could not form the basis for a statutory penalty claim.

Eight years later a panel of the Ninth Circuit again concluded that the "term, 'other instruments' [in 29 U.S.C. § 1024(b)(4)] should be limited to the class of objects that specifically precedes it" and that the "statute mentions only legal documents that describe the terms of the plan, its financial status, and other documents that restrict or govern the plan's operation." *Shaver v. Operating Engineers Local 428 Pension Trust Fund*, 332 F.3d 1198, 1202 (9th Cir. 2003).

Other Circuits are in full accord with this proposition. In *Faircloth v. Lundy Packing Co.*, 91 F.3d 648 (4th Cir. 1996), the Fourth Circuit specifically rejected an

---

[5] The documents "described with particularity" in the statute are: "the latest updated summary plan description, the latest annual report, any terminal report, **or the bargaining agreement, trust agreement, [or] contract** … under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). (emphasis added).

BBA's Motion for Partial Summary Judgment  *Hively v. BBA Aviation*
Page 6 of 9  Case No. 3:05-cv-0214 (TMB)

Law Offices of
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

argument that 29 U.S.C. § 1024(b)(4) should be construed broadly, and instead determined that in enacting the statute, Congress clearly and unambiguously used language encompassing "only formal or legal documents under which a plan is set up or managed." *Id.* at 653-654.

Citing *Board of Trustees of the CWA/ITU Negotiated Pension Plan v. Weinstein*, 107 F.3d 139, 146 (2nd Cir. 1997), the court in *King v. Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Electrical Industry*, 2003 WL 22071612 at *15 (E.D.N.Y. 2003)[6] similarly concluded that 29 U.S.C. § 1024(b)(4) only requires disclosure of "the **formal legal documents** that govern or confine a plan's operations, rather than the routine documents with which or by means of which a plan conducts its operations." (emphasis added). In other words, the statute requires disclosure of the formal legal documents by which a plan is created, but does **not** require plan administrators to "generate itemizations for individual plan participants and accounts under this section [of the statute.]" *Guyther v. Dept. of Labor Federal Credit Union*, 193 F.Supp.2d 127, 133 (D.D.C. 2002).

An excellent discussion of the difference between a request for information that implicates the statutory penalty under ERISA and a request that may just be appropriate discovery is *DeBartolo v. Blue Cross/Blue Shield of Illinois*, 2001 WL 1403012 (N.D.Ill. 2001). There, the information that DeBartolo had requested was "the plan's 'usual and customary' charges for medical services." *Id.* at *6. The Court first noted that "'[u]sual

---

[6] Affirmed 131 Fed.Appx. 740 (2nd Cir. 2005), *cert.* denied 126 S.Ct. 736, 163 L.Ed.2d 570 (2005).

Law Offices of
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

BBA's Motion for Partial Summary Judgment *Hively v. BBA Aviation*
Page 7 of 9                                    Case No. 3:05-cv-0214 (TMB)
Case 3:05-cv-00214-TMB   Document 26   Filed 09/19/06   Page 7 of 9

and customary' charges [were] not one of the types of information expressly enumerated in § 1024(b)(4)." *Id.* The Court then went on to hold that such information did not qualify as "formal legal documents governing a plan" *id.* and therefore was not a predicate for imposing a statutory civil penalty. The Court then carefully distinguished between a duty to disclose information in discovery in the context of a lawsuit and the explicit statutory duty to disclose under 29 U.S.C. § 1024(b)(4):

> This is not to say, of course, that companies have a permanent privilege against disclosing other documents. "It means only that the affirmative obligation to disclose materials under [§ 1024(b)(4)] punishable by [statutory] penalties, extends only to a defined set of documents." If a particular situation proceeds to litigation, information that does not fall within the disclosure provision will still be discoverable in the ordinary course of litigation if the information meets the relevancy standards of Federal Rule of Civil Procedure 26(b)(1).

*Id.* (citations omitted). While such information might ultimately be discoverable in a lawsuit, the Court made it clear that "the information Dr. DeBartolo requested regarding 'usual and customary' charges does not constitute a legal document governing the Walgreens Plan[ ]" and therefore "is not the type of information an ERISA plan administrator is required to disclose under 29 U.S.C. § 1024(b)(4)." *Id.* at *7.

The information the Hivelys say they requested is not one of the statutorily defined documents that an ERISA plan administrator is required to disclose under 29 U.S.C. § 1024(b)(4). The Hivelys requested general information about charges for their medical services in Alaska and how reimbursement amounts were calculated, but they did not request the formal legal documents by which the BBA plan was created since, in

Law Offices of
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

BBA's Motion for Partial Summary Judgment *Hively v. BBA Aviation*
Page 8 of 9 Case No. 3:05-cv-0214 (TMB)
Case 3:05-cv-00214-TMB Document 26 Filed 09/19/06 Page 8 of 9

fact, they already had a complete copy of the BBA Aviation Benefit Plan, the Summary Plan Description, and a Benefit Summary for the BBA Plan. As a matter of law, since Plaintiffs' did not request a formal governing plan instrument explicitly enumerated in 29 U.S.C. § 1024(b)(4), the general request they say they made cannot form the necessary predicate for the imposition of a statutory penalty.

## IV

## CONCLUSION

For all the foregoing reasons, BBA requests a partial summary judgment dismissing with prejudice Count II of Plaintiffs' Second Amended Complaint.

Respectfully submitted this 19th day of September, 2006.

>GROH EGGERS, LLC
>
>Attorneys for Defendants BBA
>
>By: s/ David A. Devine
>  David A. Devine (AK Bar No. 7906015)
>  GROH EGGERS, LLC
>  3201 C Street, Suite 400
>  Anchorage, AK 99503
>  Phone: (907) 562-6474
>  Fax: (907) 562-6044
>  E-Mail: devined@groheggers.com

I HEREBY CERTIFY that on September 19, 2006,
a copy of the foregoing was served **electronically** on:

David D. Clark, Esq.
LAW OFFICE OF DAVID CLARK
Attorney for Plaintiff

  s/ David A. Devine

Law Offices of
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

BBA's Motion for Partial Summary Judgment *Hively v. BBA Aviation*
Page 9 of 9   Case No. 3:05-cv-0214 (TMB)
Case 3:05-cv-00214-TMB   Document 26   Filed 09/19/06   Page 9 of 9