UNITED HEALTHCARE INSURANCE COMPANY

SPRINGFIELD SERVICE CENTER
P O BOX 30555
SALT LAKE CITY, UT 84130-0555
PHONE: (888) 840-6015
VISIT WWW.MYUHC.COM FOR SELF-SERVICE

**UnitedHealthcare**
A UnitedHealth Group Company

PAGE: 1 OF 1
DATE: 01/05/04
ID #: A 803006403
EMPLOYEE: JACK HIVELY
CONTRACT: 0237592
BENEFIT PLAN: BBA AVIATION BENEFIT PLAN

JACK HIVELY
3008 BROOKSIDE DR.
ANCHORAGE AK 99517

# EXPLANATION
# OF BENEFITS

### SERVICE DETAIL

| PATIENT RELATIONSHIP CLAIM NUMBER | PROVIDER SERVICE | DATE OF SERVICE | AMOUNT CHARGED | NOT COVERED | AMOUNT ALLOWED | COPAY DEDUCTIBLE | PLAN COVERS | BENEFIT AVAILABLE | REMARK CODE |
|---|---|---|---|---|---|---|---|---|---|
| JACK 1353582701 | EE ALASKA FAMILY OFFICE VISITS | 12/12/03 TOTAL | 70.00 70.00 | | 70.00 70.00 | | 80% | 56.00* 56.00 | QN |

| | |
|---|---|
| PLAN PAYS | 56.00 |
| ** PATIENT PAYS | 14.00 |

(*) INDICATES PAYMENT ASSIGNED TO PROVIDER

** DEFINITION: "PATIENT PAYS" IS THE AMOUNT, IF ANY, OWED YOUR PROVIDER. THIS MAY INCLUDE AMOUNTS ALREADY PAID TO YOUR PROVIDER AT TIME OF SERVICE.

REMARK CODE(S) LISTED BELOW ARE REFERENCED IN THE "SERVICE DETAIL" SECTION UNDER THE HEADING "REMARK CODE"
(QN ) YOUR CLAIM MAY HAVE BEEN SEPARATED FOR PROCESSING PURPOSES. ANY ADDITIONAL CHARGES WILL BE PROCESSED AS SOON AS POSSIBLE.

### BENEFIT PLAN PAYMENT SUMMARY INFORMATION

| | |
|---|---|
| ALASKA FAMILY | $56.00 |

| SATISFIED YEAR TO DATE | | OUT OF POCKET |
|---|---|---|
| FAMILY | | $1973.92 |
| JACK EE | | $723.92 |
| PLAN YEAR 2003 | FAMILY: | $2500.00 |
| | INDIV: | $1250.00 |

A REVIEW OF THIS BENEFIT DETERMINATION MAY BE REQUESTED BY SUBMITTING YOUR APPEAL TO US IN WRITING AT THE FOLLOWING ADDRESS: UNITEDHEALTHCARE APPEALS, P.O. BOX 30432, SALT LAKE CITY, UT 84130-0432. THE REQUEST FOR YOUR REVIEW MUST BE MADE WITHIN 180 DAYS FROM THE DATE YOU RECEIVE THIS STATEMENT. IF YOU REQUEST A REVIEW OF YOUR CLAIM DENIAL, WE WILL COMPLETE OUR REVIEW NOT LATER THAN 30 DAYS AFTER WE RECEIVE YOUR REQUEST FOR REVIEW.

YOU MAY HAVE THE RIGHT TO FILE A CIVIL ACTION UNDER ERISA IF ALL REQUIRED REVIEWS OF YOUR CLAIM HAVE BEEN COMPLETED.

* * * * * * *

YOU CAN MEET MANY OF YOUR NEEDS ONLINE AT WWW.MYUHC.COM. AT ALMOST ANYTIME DAY OR NIGHT, YOU CAN REVIEW CLAIMS, CHECK ELIGIBILITY, LOCATE A NETWORK PHYSICIAN, REQUEST AN ID CARD, REFILL PRESCRIPTIONS IF ELIGIBLE, AND MORE! FOR IMMEDIATE, SECURE SELF-SERVICE, VISIT WWW.MYUHC.COM.
HOW TO REGISTER?
YOU CAN REGISTER AND BEGIN USING MYUHC IN THE SAME SESSION. ACCESS WWW.MYUHC.COM TO REGISTER. THE INFORMATION REQUIRED IS ON YOUR INSURANCE ID CARD (FIRST NAME, LAST NAME, MEMBER ID, GROUP NUMBER AND DATE OF BIRTH).

* * * * * * *

MAINTAINING THE PRIVACY AND SECURITY OF INDIVIDUALS' PERSONAL INFORMATION IS VERY IMPORTANT TO US AT UNITEDHEALTHCARE. THAT IS WHY WE HAVE ALWAYS INTEGRATED STRICT CONFIDENTIALITY PRACTICES INTO OUR BUSINESS. WE ARE ADOPTING A UNIQUE INDIVIDUAL IDENTIFIER AS AN ALTERNATIVE TO THE SOCIAL SECURITY NUMBER ("SSN"). THE ALTERNATE IDENTIFICATION WILL BEGIN TO APPEAR ON ALL UNITED HEALTHCARE CORRESPONDENCE, INCLUDING MEDICAL ID CARDS (IF APPLICABLE), LETTERS, EXPLANATION OF BENEFITS (EOB'S) AND PROVIDER REMITTANCE ADVICES (PRA'S) IN OCTOBER 2003. ALL CUSTOMER SERVICE TOUCH POINTS WITHIN UNITEDHEALTHCARE WILL HAVE THE ABILITY DURING THE TRANSITION TO SERVICE BOTH SSN AND ALTERNATE IDENTIFICATION NUMBER. IF YOU HAVE ANY QUESTIONS ABOUT THE ALTERNATE ID OR USAGE, PLEASE CONTACT YOUR CUSTOMER SERVICE REPRESENTATIVE AT THE NUMBER SHOWN AT THE TOP OF THIS STATEMENT.

## THIS IS NOT A BILL

Hively
v. BBA
Client Docs.

0016

**Jack and Galina Hively**
**3008 Brookside Drive**
**Anchorage, Alaska 99517**
**(907) 249-4204  Work**
**(907) 245-3086  Home**

31 December 2003

Ms. Janie Wallace, Director
Benefits Department
BBA Shared Services
201 South Orange Avenue
Suite 1400
Orlando, Florida 32801

Subject:  Request for Information Under ERISA Rights

Dear Janie:

This is to advise you that I believe I have completed all required steps in appealing denied medical benefit on 72 issues and consider myself as being in the formal process of obtaining medical insurance coverage information in pursuing the rights afforded me by the Employee Retirement Income Security Act of 1974 (ERISA).

First of all, I want to restate my sincere comments from an eMail I sent you last November 28th:

> "I just want to let you know that in my complaints and claims regarding UHC, I am not at all upset with ASIG/SFS/BBA and appreciate having the healthcare benefit. The insurance has made substantial direct payments for accident recovery therapy, a foot surgery, and breast cancer surgery and radiation treatments. I also appreciate what you have done in reviewing my claims... It's just that I don't trust UHC and their whittling down so much of my expenses leaving me owing so much money. As I've said in my letters so often, my healthcare providers and billing departments have advised me UHC is unique in Alaska for systematically disallowing full coverage of their normal, reasonable and customary full charges... not only for my costs but for many other Alaskans with UHC coverage."

Be as it may, I have submitted 72 appeals over the past year and two months and have yet to receive specific response. I have read the appeal and ERISA instructions in our BBA Aviation Benefit Plan, United HealthCare Options, particularly the information on Pages 60 and 61. As such I request the specific documents and information stated hereinbelow:

1.  Please advise me who the Plan Administrator is and any other plan officials who have involvement regarding my coverage, claims and appeals. You have mentioned that a consultant is involved with the administration of our company's insurance with UHC. Please provide the name of the consultant and the individual in charge of our company's insurance policy.

Hively
v. BBA
Client Docs.    0018

Ms. Janie Wallace, BBA Shared Services
Request for Information Under ERISA Rights
31 December 2003, Page 2 of 2

2. I again request a copy of the Agreement between SFS/ASIG/BBA and United Healthcare (hereafter UHC) as needed to become aware of the specific terms of my insurance coverage. I note that I have requested a copy of the Agreement on three occasions starting October 20, 2003 to no avail. The information on Page 60 of the BBA Aviation Benefit Plan, United HealthCare Options, indicates I have the right to examine without charge the "insurance contract" at my worksite.

3. As previously mentioned, to date, I have submitted formal letters of appeal on 72 separate charges where I believe UHC has inappropriately reduced payment to my medical providers. An table listing all appeals is attached. On 09 October 2003 I sent a letter to the following person:

Mr. Brandon L. Coney, Appeals Coordinator
United HealthCare
P. O. Box 30432
Salt Lake City, UT 81430-0432

I specifically requested information in that letter as follows: "I hereby request a detailed review of the individual appeals I originally sent to both UHC and BBA. In addition, I request information and history of how each of my medical procedure CTP code allowances were established by INGENIX (or any other medical database provider UHC uses) including medical provider, dates of service and full amounts of all Alaska charges under the CTP code." An at-that-point-in-time table of 54 issues (appeals) was included in the letter to Mr. Brandon. I note that it has been 83 days since that request was made, well over the 60 day ERISA time limit for UHC to respond. I again request the CTP information.

Please be advised that with information already provided to me I know in fact UHC is purposefully reimbursing much less than the local <u>usual, reasonable and customary</u> medical service charges.

I believe I have followed the instruction on Page 60 of the BBA Aviation Benefit Plan, United HealthCare Options, as follows:

"The provisions of this Plan require a covered Person to appeal any claim denial as described above before seeking other legal means."

Given the failure of UHC to send information to me at all, much less in a timely manner, the instructions on the U. S. Department of Labor / Employee Benefits Security Administration website advises me to seek legal assistance and to contact them regarding the Plan's failure to respond. I will also file a complaint with the State of Alaska Insurance Commissioner.

I truly wish we could have closed out all issues in my recent settlement offer, but understand that sometimes there are so many people and principles involved that the detailed route for resolution must be taken. Please advise should you need additional information.

w/ Best Regards

Jack Hively

## RECAP OF DISPUTED UHC MEDICAL COST ALLOWANCES

## JACK and GALINA HIVELY

| Claim Number | Date of Medical Service | Denial of Full Payment by UHC Date | Amount in Dispute | Description of Disallowance | Reason for UHC Denial | Appeal Sent to UHC Date | Appeal Denial by UHC Date | Appeal Sent to ASIG Date |
|---|---|---|---|---|---|---|---|---|
| 1213828801 | 17-Jan-02 | 04-Feb-02 | $72.00 | A portion of an in-office doctor's surgery charge. | Exceeds reasonable charges in the area. * | 11-Mar-02 and 15-Oct-02 ** | 16-Oct-02 *** | 29-Oct-02 |
| 6526154201 | 28-May-02 | 24-Jun-02 | $180.00 | Rejection of myo-facial therapy session - LONG TERM INJURY. | Exceeds 20 session SHORT-TERM limit. **** | 15-Oct-02 | 01-Nov-02 | 11-Nov-02 |
| 9843195101 | 15-Aug-02 | 13-Sep-02 | $180.00 | Rejection of myo-facial therapy session - LONG TERM INJURY. | Exceeds 20 session SHORT-TERM limit. **** | 15-Oct-02 | 01-Nov-02 | 11-Nov-02 |
| 6526153901 | 24-May-02 | 24-Jun-02 | $180.00 | Rejection of myo-facial therapy session - LONG TERM INJURY. | Exceeds 20 session SHORT-TERM limit. **** | 15-Oct-02 | 01-Nov-02 | 11-Nov-02 |
| 6526154001 | 28-May-02 | 24-Jun-02 | $180.00 | Rejection of myo-facial therapy session - LONG TERM INJURY. | Exceeds 20 session SHORT-TERM limit. **** | 15-Oct-02 | 01-Nov-02 | 11-Nov-02 |
| 6526154301 | 31-May-02 | 24-Jun-02 | $170.00 | Rejection of myo-facial therapy session - LONG TERM INJURY. | Exceeds 20 session SHORT-TERM limit. **** | 15-Oct-02 | 01-Nov-02 | 11-Nov-02 |
| 7099625701 | 03-Jun-02 | 24-Jun-02 | $180.00 | Rejection of myo-facial therapy session - LONG TERM INJURY. | Exceeds 20 session SHORT-TERM limit. **** | 15-Oct-02 | 01-Nov-02 | 11-Nov-02 |
| 7099625801 | 06-Jun-02 | 24-Jun-02 | $135.00 | Rejection of myo-facial therapy session - LONG TERM INJURY. | Exceeds 20 session SHORT-TERM limit. **** | 15-Oct-02 | 01-Nov-02 | 11-Nov-02 |
| 9843195001 | 15-Aug-02 | 13-Sep-02 | $180.00 | Rejection of myo-facial therapy session - LONG TERM INJURY. | Exceeds 20 session SHORT-TERM limit. **** | 15-Oct-02 | 01-Nov-02 | 11-Nov-02 |
| 6465780201 | 30-May-02 | 15-Oct-02 | $50.00 | A portion of in-office doctor's radiology charges. | Exceeds reasonable charges in the area. * | 15-Oct-02 | 16-Oct-02 *** | 11-Nov-02 |
| 6465780301 | 30-May-02 | 15-Oct-02 | $50.00 | A portion of in-office doctor's radiology charges. | Exceeds reasonable charges in the area. * | 15-Oct-02 | 16-Oct-02 *** | 11-Nov-02 |
| 2572606601 | 05-Nov-02 | 13-Nov-02 | $19.00 | A portion of an in-office doctor's radiology charge. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 22-Nov-02 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 4904933901 | 24-Dec-02 | 22-Jan-03 | $70.50 | A portion of a malignant tumor biopsy charge. | Exceeds max. allow. for primary charge??? | Sent to ASIG | ***** | 29-Jan-03 |
| 4904933901 | 24-Dec-02 | 22-Jan-03 | $20.00 | A portion of a malignant tumor biopsy charge. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 29-Jan-03 |
| 4904933901 | 24-Dec-02 | 22-Jan-03 | $0.00 | A portion of a malignant tumor biopsy charge. | Exceeds reasonable charges in the area. * | Review Rejection from UHC | 01-Apr-03 | 11-Apr-03 |
| 5499744701 | 24-Dec-02 | 23-Jan-03 | $24.35 | A portion of a hospital pathology charge. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 31-Jan-03 |
| 5598419301 | 26-Dec-03 | 28-Jan-03 | $17.00 | A portion of a doctor's examination charge. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 04-Feb-03 |
| 6070866101 | 17-Jan-03 | 11-Feb-03 | $61.85 | A portion of a surgery pathology charge. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 25-Feb-03 |
| 6198233301 | 17-Jan-03 | 17-Feb-03 | $180.00 | A portion of surgeon's charge. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 25-Feb-03 |
| 0640573340 | 05-Dec-02 | 18-Dec-02 | $26.00 | A portion of a doctor's examination charge. | Exceeds reasonable charges in the area. * | 25-Feb-03 | 12-Mar-03 | 24-Mar-03 |
| 6570294201 | 17-Jan-03 | 25-Feb-03 | $577.77 | Required a full 20% payment by insured. | Required network svces. There are no network providers for Alaska | 06-Mar-03 | UHC Never Responded | 06-Aug-03 |
| 7325144801 | 10-Feb-03 | 10-Mar-03 | $33.00 | A portion of a charges for surgical anesthesia. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 17-Mar-03 |
| 8143160601 | 05-Mar-03 | 27-Mar-03 | $12.20 | A portion of a imaging charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 07-Apr-03 |
| 8143160701 | 05-Mar-03 | 27-Mar-03 | $37.80 | A portion of a imaging charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 07-Apr-03 |
| 8846264501 | 12-Mar-03 | 14-Apr-03 | $675.00 | A portion of a doctor's examination charge. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 22-Apr-03 |
| 8846264601 | 05-Mar-03 | 14-Apr-03 | $208.75 | A portion of a doctor's examination charge. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 22-Apr-03 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 8846264701 | 04-Mar-03 | 14-Apr-03 | $515.50 | A portion of a doctor's examination charge. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 22-Apr-03 |
| 8846264901 | 10-Mar-03 | 14-Apr-03 | $370.20 | A portion of a doctor's examination charge. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 22-Apr-03 |
| 8961812301 | 13-Mar-03 | 14-Apr-03 | $75.00 | A portion of a doctor's examination charge. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 22-Apr-03 |
| | | | $366.11 | **ALSO more pmt. needs to be sent to doctor:** | **UHC Ignorred "out-of-pocket $1,250 max." had been paid** | | | |
| 8388830301 | 24-Dec-02 | 07-Apr-03 | $263.00 | A portion of a doctor's examination charge. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 23-Apr-03 |
| | | | $150.00 | **ALSO more pmt. needs to be sent to doctor. Allowed only 80%.** | **UHC cited "out-of-network." There is no network in Alaska** | | | |
| 8388830301 | 05-Mar-03 | 16-Apr-03 | $870.00 | A portion of a doctor's examination charge. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 24-Apr-03 |
| | | | $56.00 | **ALSO more pmt. needs to be sent to doctor:** | **UHC Ignorred "out-of-pocket $1,250 max." had been paid** | | | |
| 8846258601 | 05-Mar-03 | 17-Apr-03 | $130.00 | A portion of a doctor's examination charge. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 25-Apr-03 |
| | | | $155.66 | **ALSO more pmt. needs to be sent to doctor:** | **UHC Ignorred "out-of-pocket $1,250 max." had been paid** | | | |
| 8961802901 | 13-Mar-03 | 17-Apr-03 | $100.00 | A portion of a doctor's examination charge. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 25-Apr-03 |
| 8846258301 | 12-Mar-03 | 18-Apr-03 | $395.00 | A portion of a imaging charges. | Part of Main Procedure and not covered. * | Sent to ASIG | ***** | 28-Apr-03 |
| 8846258401 | 12-Mar-03 | 18-Apr-03 | $166.25 | A portion of a imaging charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 28-Apr-03 |
| 8846258501 | 12-Mar-03 | 18-Apr-03 | $166.25 | A portion of a imaging charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 28-Apr-03 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 9624707101 | 25-Mar-03 | 07-May-03 | $35.00 | A portion of a imaging charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 13-May-03 |
| 9624707101 | 25-Mar-03 | 07-May-03 | $85.00 | A portion of a imaging charges. | Part of Main Procedure and not covered. * | Sent to ASIG | ***** | 13-May-03 |
| 9879262601 | 31-Mar-03 | 07-May-03 | $517.30 | A portion of a imaging charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 13-May-03 |
| 0576271201 | 17-Jan-03 | 07-May-03 | $28.60 | A portion of a imaging charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 13-May-03 |
| 9821233701 | 31-Mar-03 | 30-Apr-03 | $697.50 | A portion of a imaging charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 12-May-03 |
| 9977455001 | 01-Apr-03 | 09-May-03 | $30.00 | A portion of a imaging charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 21-May-03 |
| 9977455001 | 01-Apr-03 | 09-May-03 | $85.00 | A portion of a imaging charges. | Part of Main Procedure and not covered. * | Sent to ASIG | ***** | 21-May-03 |
| 0751670101 | 18-Apr-03 | 21-May-03 | $352.50 | A portion of a imaging charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 28-May-03 |
| 0356010601 | 08-Apr-03 | 23-May-03 | $85.00 | A portion of a imaging charges. | Part of Main Procedure and not covered. * | Sent to ASIG | ***** | 24-Jun-03 |
| 0751667801 | 18-Mar-03 | 23-May-03 | $35.00 | A portion of a imaging charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 24-Jun-03 |
| 0751667801 | 18-Mar-03 | 23-May-03 | $85.00 | A portion of a imaging charges. | Part of Main Procedure and not covered. * | Sent to ASIG | ***** | 24-Jun-03 |
| 0751668001 | 18-Apr-03 | 23-May-03 | $77.50 | A portion of a imaging charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 24-Jun-03 |
| 0751668301 | 25-Apr-03 | 23-May-03 | $325.00 | A portion of a imaging charges. | Part of Main Procedure and not covered. * | Sent to ASIG | ***** | 24-Jun-03 |
| 1644933201 | 17-Jan-03 | 30-May-03 | $15.40 | A portion of a imaging charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 24-Jun-03 |

Hively
v. BBA
Client Docs

0023

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1644933201 | 31-Jul-03 | 19-Aug-03 | $15.00 | A portion of therapy charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 03-Sep-03 |
| 5540417901 | 18-Aug-03 | 04-Sep-03 | $25.00 | A portion of therapy charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 15-Sep-03 |
| 5669923901 | 21-Aug-03 | 04-Sep-03 | $25.00 | A portion of therapy charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 15-Sep-03 |
| 6226530701 | 04-Sep-03 | 17-Sep-03 | $43.00 | A portion of therapy charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 22-Sep-03 |
| 6076231101 | 02-Sep-03 | 17-Sep-03 | $25.00 | A portion of therapy charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 22-Sep-03 |
| 6556204901 | 11-Sep-03 | 10-Oct-03 | $43.00 | A portion of therapy charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 10-Oct-03 |
| 6566169501 | 08-Sep-03 | 10-Oct-03 | $36.00 | A portion of therapy charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 10-Oct-03 |
| 6591733401 | 04-Sep-03 | 10-Oct-03 | $8.25 | A portion of imaging charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 10-Oct-03 |
| 7166923501 | 23-Sep-03 | 08-Oct-03 | $43.00 | A portion of therapy charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 15-Oct-03 |
| 7359751101 | 26-Sep-03 | 08-Oct-03 | $43.00 | A portion of therapy charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 15-Oct-03 |
| 8388830301 | 23-Dec-02 | 07-Apr-03 | $3.40 | A portion of radiology charges. | Required network svces. There are no network providers for Alaska | Sent to ASIG | ***** | 17-Oct-03 |
| 8388830301 | 24-Dec-02 | 07-Apr-03 | $137.80 | A portion of radiology charges. | Required network svces. There are no network providers for Alaska | Sent to ASIG | ***** | 17-Oct-03 |
| 8388830301 | 24-Dec-02 | 07-Apr-03 | $263.00 | Medical Supplies | Part of Main Procedure and not covered. * | Sent to ASIG | ***** | 17-Oct-03 |
| 8388830301 | 24-Dec-02 | 07-Apr-03 | $8.80 | A portion of radiology charges. | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 17-Oct-03 |

Hively
v. BBA
Client Docs

0024

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 7951281901 | 07-Oct-03 | 23-Oct-03 | $21.00 | A portion of Medical Charge | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 31-Oct-03 |
| 799793101 | 07-Oct-03 | 23-Oct-03 | $34.00 | A portion of Medical Charge | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 31-Oct-03 |
| 799793001 | 07-Oct-03 | 23-Oct-03 | $34.00 | A portion of Medical Charge | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 31-Oct-03 |
| 8180711801 | 16-Oct-03 | 29-Oct-03 | $34.00 | A portion of Medical Charge | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 07-Nov-03 |
| 8299931601 | 14-Oct-03 | 29-Oct-03 | $34.00 | A portion of Medical Charge | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 07-Nov-03 |
| 8448155301 | 20-Oct-03 | 03-Nov-03 | $34.00 | A portion of Medical Charge | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 17-Nov-03 |
| 8643977701 | 20-Oct-03 | 21-Nov-03 | $45.00 | A portion of Medical Charge | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 01-Dec-03 |
| 147839901 | 20-Oct-03 | 04-Dec-03 | $14.00 | A portion of Medical Charge | Exceeds reasonable charges in the area. * | Sent to ASIG | ***** | 23-Dec-03 |
| | | | $10,722.24 | >>> TOTAL | | | | |
| | | | NOTES: | * Insured believes UHC's evaluation OF NORMAL Alaska charges is invalid. | | | | |
| | | | | ** UHC ignorred first appeal. | | | | |
| | | | | *** UHC backdated letters.  Response date was before appeal was ever received. | | | | |
| | | | | **** Insured believes UHC is ignorring LONG TERM injury situation. | | | | |
| | | | | ***** Appeal sent direct to ASIG Benefits Dept. (Wallace); appeal to UHC is considered useless. | | | | |

**Jack Hively**
**3008 Brookside Drive**
**Anchorage, Alaska 99517**
**(907) 249-4204 (Work), 245-3086 (Home)**

24 March 2003

Ms. Janie Wallace, Director
Benefits Department, BBA Shared Services
201 South Orange Avenue, Suite 1400
Orlando, Florida 32801

Subject: Appeal of Disallowed Claim No. 0640573340

Dear Janie:

This letter is to request your consideration regarding a recent disallowance of medical expenses by United HealthCare (hereafter "UHC"). The appeal letters I've previously sent to UHC are apparently useless, they will always automatically stand by their original denials even when compelling information is submitted. This conclusion is stated in fifteen previous letters I have sent to you regarding similar denials by UHC. Attached please find the following documents:

➤ UHC's "Claim Detail" form dated 03/10/03. It regarded UHC's disallowance of $26.00 of Dr. Ikahihifo's charge for an extended session that included 1) a new patient examination (this was my wife's first visit there), 2) pap smear, 3) breast examination, 4) drawing blood for test lab and 5) other examination services. The denial includes the following remark:

> **"Your plan covers reasonable charges for covered health care services.**
> **The reasonable charge is based on amounts charged by other physicians**
> **or health care professionals in the area for similar services or supplies…"**

➤ I appealed the issue per the attached letter dated 02/25/03 sent to UHC's Appeals Department in Salt Lake City, UT.

➤ I then received the attached letter dated 03/12/03 from UHC in Plano, TX that again denied my appeal. The reason for the second denial was that I did not give prior notification and used an out-of-network doctor. **As you know, we don't have network doctors here in Alaska.**

The last letter was senseless. More important, UHC has finally revealed their method for limiting their liability. UHC is apparently comparing all charges, particularly Alaska charges, to a national "in-network" scale. UHC is unwilling to honor its 80/20 split and apparently chooses to "nickel and dime" BBA employees for additional UHC profit. While the vast majority of my fellow employees can absorb the occasional cost of this tactic, those of us with unfortunate extensive bills have to pay thousands of dollars for charges that should be paid my UHC. I've talked with my doctors, health center accounting departments, and other insurance company administrators here in Alaska and have been advised that UHC is uniquely placing additional financial burden on insured individuals. The most egregious indication of their reimbursement refusal tactics is extending a 20-visit limit for SHORT TERM therapy to include LONG TERM therapy situations. Why does UHC specifically even use the words "SHORT TERM" in their benefits statements? All of the other insurance companies distinguish between the two and allow additional coverage for LONG TERM injury services.

Your immediate consideration would be greatly appreciated.

w/ Best Regards,

Jack Hively

Hively
v. BBA
Client Docs

0038

# Jack and Galina Hively
**3008 Brookside Drive**
**Anchorage, Alaska 99517**
**(907) 249-4204  Work**
**(907) 245-3086  Home**

09 October 2003

Mr. Brandon L. Coney, Appeals Coordinator
United Healthcare
P. O. Box 30432
Salt Lake City, UT 81430-0432

Subject:    Appeals from Dec. 28, 2001 through July 31, 2003

Reference:  UHC Letter dated 22 September 2003 (copy attached)

Dear Brandon:

I am in receipt of the above referenced letter. You did provide some good information that only the 995xx zip codes (i.e. Alaska only) are used in establishing reasonable and customary medical service charges. Thank you. However, there appears to be several errors in the logic and facts presented in describing UHC's payment allowance procedures.

You state in your letter, "Every employer group allows different levels or percentiles to determine the reimbursement to <u>providers who are not contracted by the employer's chosen insurance administrator. Your plan reimburses from the 80th percentile when determining the reasonable and customary for the performed procedure.</u>" This was further emphasized with a later statement, "The maximum allowance applied to your claims is based on the reasonable and customary rates due solely to the fact that <u>out of network providers were used</u>" (above underlining was added for emphasis). The problem here is there is no UHC network here. In fact, we have been advised that we can go to any provider and be reimbursed at 80%.

Attached is a copy of our Benefit Summary for Anchorage – Non-Union where it is specified the UHC Plan pays 80% for most medical service charges. There is no mention of "network" or "contracted providers" or "80th percentile." Yet, most of my medical bills had denials for full coverage. UHC justified reductions with the following statement (Remark #29):

> **"Your plan covers reasonable charges for covered health care services. The reasonable charge is based on amounts charged by other physicians or health care professionals in the area for similar services or supplies."**

There is only 600,000 people in the whole state of Alaska, largely concentrated in Anchorage and Fairbanks, which have most all the major hospital, medical imaging centers and cancer treatment clinics. Most all the medical service providers charge about the same. Even with the fact that there is no UHC network in Alaska, is UHC automatically allowing only 80% of all Alaska charges (the above mentioned 80th percentile")?

Hively
v. BBA
Client Docs      0052

Brandon L. Coney, United Healthcare
Appeals from Dec. 28, 2001 through July 31, 2003
09 October 2003, Page 2 of 2

My wife and I were the unfortunate victims of a car accident requiring long term care. Earlier this year my wife had breast cancer surgery and radiation treatment. She also had foot surgery last fall and was injured in a fall this spring. We have had more than our share of medical problems. But the most irritating part of the ordeals was UHC's frequently discounting responsibility for a full 80% of the medical service charges. There are very few injury and disease treatment centers in all of Alaska, let alone Anchorage. I have investigated and have been advised over and over again by my medical creditors and billing service companies that their charges are normal for the Anchorage area and are routinely allowed by Blue Cross (Washington and Alaska), Aetna, Cigna and Federal Blue Cross. They also advise me that UHC routinely discounts most of these normal charges and forces patients to pay more than their benefit plan share. In my opinion, the above statement by UHC is clearly false (Remark #29).

Your letter includes several comments differentiating between professional and technical components of medical charges. This is the first time I have ever heard of this term. It was never mentioned on any charge reduction. And it surely has nothing to do with the fact that the Plan requires UHC to be responsible for 80% of medical charges, not some technical formula for splitting the charges into components, applying different percentages and then adding them up to produce a smaller amount for which UHC is responsible. It appears to be just another way for UHC to "nickel and dime" a patient into paying more.

And finally, your letter attempts to provide a single global rejection of 54 separate claims with just a few words about "networks," "80th percentile" and "professional and technical components." However, each of those 54 claims included detailed information about denied long-term injury benefit (the Benefit Summary limits short-term therapy only), the fact that Galina's "Out-of-Pocket Maximum" had been reached and was ignored, and un-described "part of main procedure" reduction rules were applied. A global rejection is not appropriate when 54 very specific grievances have been submitted. In addition, five more claims have been submitted and over $10,400.00 is currently unpaid by UHC and in dispute.

I consider your response to be incomplete, inaccurate, and inappropriate and generally an exercise in obfuscation. All we want is 80% of our medical costs to be covered as promised in the attached Benefit Summary. I hereby request a detailed review of the individual appeals I originally sent to both UHC and BBA. In addition, I request information and history of how each of my medical procedure CTP code allowances were established by INGENIX (or any other medical database provider UHC uses) including medical provider, dates of service and full amounts of all Alaska charges under the CTP code.

w/ Best Regards,

*Jack Hively*

Jack Hively

Cc:    Ms. Janie Wallace, Director
        Benefits Department, BBA Shared Services
        201 South Orange Avenue, Suite 1400
        Orlando, Florida 32801



**UnitedHealthcare**
A UnitedHealth Group Company

National Appeals Service Center
PO Box 30432
Salt Lake City, UT 84130-0432
Fax: 813-818-3637

September 22, 2003

Jack Hively
3008 Brookside Drive
Anchorage, AK 99517

| | |
|---|---|
| Employee: | Jack Hively |
| ID #: | 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 |
| Patient: | Galina & Jack Hively |
| Group: | BBA Aviation Benefit Plan |
| Group #: | 237592 |
| Provider Name: | Multiple |
| Date of Service: | December 28, 2001 through July 31, 2003 |

Dear Jack Hively,

As you requested, we reviewed our coverage decision for the above mentioned dates of service. The review included all supporting information we have received.

First we would like to apologize for the delay in responding to your inquires and for the inconvenience these issues may have caused. It is not common practice for UnitedHealthcare not to provide the highest quality of customer service.

After reviewing your claims, paying close attention to the reasonable and customary rate reductions, we feel a further explanation of how we reach the reasonable and customary rate is warranted. Additionally we will explain how your claims were processed, clarifying the administration of your plan benefits. To begin, a **reasonable and customary charge** is defined as follows:

An amount measured and determined by the Claim Administrator by comparing the actual charge for the service or supply with the prevailing charges made for it. The Claim Administrator determines the prevailing charge. It takes into account all pertinent factors including:

➤ The complexity of the service
➤ The range of services provided
➤ The prevailing charge level in the geographic area where the provider is located and other geographic areas having similar medical cost experience

The guidelines are composed of a comprehensive, database of provider charges for professional health care services. The provider charge data is collected from all 50 states by zip code area.

Hively
v. BBA
Client Docs.

Page Two
September 22, 2003

In finding the reasonable and customary rate for a certain procedure we must first identify the geo-zip of where the services were provided. A geo-zip is the first three digits of the zip code where the services were performed. For the Anchorage, Alaska area, the geo-zip 995 is used, which covers the Anchorage and Fairbanks area. Since the 995 geo-zip includes Fairbanks, the geo-zip ranges from 995-997.

A geo-zip is determined by the surrounding areas, state boundaries are not crossed, eliminating any lumping of geo-zip from surrounding geographical areas or states. Second in the process of determining the reasonable and customary is including your plan logic. Every employer group allows different levels or percentiles to determine the reimbursement to providers who are not contracted by the employer's chosen insurance administrator. Your plan reimburses from the 80th percentile when determining the reasonable and customary for a performed procedure.

In addition to the geo-zip and the plan percentile, we consider if the procedure(s) performed is medical or surgical in nature as well as the date of service is used to determine the correct reasonable and customary data. This process helps to eliminate any bundling or down coding of procedures by specifically identifying the procedure being billed. For both medical and surgical procedures we maintain a year round moving window of dates of services to provide accurate data used when determining the reasonable and customary. After the reasonable and customary is found, we then consider any modifiers billed to determine if any further reductions may apply and/or any additional reimbursement that may be due, depending on the modifier billed.

As we reviewed the claim history for both you and your wife, we found that the most frequent out of network provider claims included the professional and technical components of a procedure. Billing the professional and/or technical component further reduces the plans reimbursement. A professional component is defined as the supervision and interpretation/management of a procedure. The technical component is defined as the performance of the procedure. Professional and technical components are reimbursable services calculated at a percentage of the global procedure code maximum allowance. A global procedure is defined as is a procedure where the billing provider performed both the professional and technical components of the procedure.

The maximum allowance applied to your claims is based on the reasonable and customary rates due solely to the fact that out of network providers were used. In essence, if a provider, in-network or out of network, does not perform the procedure globally, only a percentage of the maximum allowance will be allowed. The percentage depends on if the provider performed the professional or technical component. Finally, once the above steps are completed your coinsurance, deductibles, and/or copayments are considered to find what your plan pays. Below is an example of one of your claims to provide visual explanation of the way your claims were processed:

| Date of Service | Provider | Procedure Code/Modifier | Reasonable and Customary | Professional or Technical Percentage | Plan Pays |
|---|---|---|---|---|---|
| 1/17/03 | Providence Imaging Center | 76098-26 | $44.00 | 35% | $15.40 |
| 1/17/03 | Providence Imaging Center | 76098-TC | $44.00 | 65% | $28.60 |

We make decisions about claims payment for medical care based on your Summary Plan Description and any information received as part of an appeal. Coverage is subject to the exclusions, limitations and other terms of your Summary Plan Description.

Hively
v. BBA
Client Docs

Page Three
September 22, 2003

Our decision to deny further reimbursement is therefore unchanged, and you are responsible for all related costs. Our decision does not reflect any view about the medical appropriateness of this service. Only you and your physician can make decisions about your medical care.

You have the right to an additional level of review. Please consult your Summary Plan Description and send your appeal to:

BBA Shared Services, Inc.
201 South Orange Avenue, Suite 1400
Orlando, FL 32801

You have the right to receive, on request and free of charge, reasonable access to and copies of all documents, records and other information relevant to your appeal. You also have the right to receive, on request and free of charge, a copy of any internal rule, guideline or protocol that we relied on in making this decision.

You may have the right to file civil action under ERISA (*Employee Retirement Income Security Act of 1974*).

At UnitedHealthcare, we make every effort to respond clearly and completely to customer concerns. If you have any questions about this letter, please call me at (813) 818-3954, Monday through Friday from 8 a.m. to 5 p.m. Eastern time.

Sincerely,

Brandon L. Coney
Appeals Coordinator

Cc:  Patient file
Enc.: Guidelines used for professional/technical components



**UnitedHealthcare®**
A UnitedHealth Group Company

# Benefit Summary

## UnitedHealthcare
## Out of Area
## Options PPO

*Anchorage Non-Union*

**BBA Aviation Benefit Plan
237592**

Hively
v. BBA
Client Docs    0066

# UnitedHealthcare
# Out of Area Options
# PPO Benefits for
# BBA Aviation Benefit Plan

**For information about these plan benefits or help enrolling,
please call Member Services at 1-888-840-6015.**

| Plan Provision | You Pay |
|---|---|
| **Deductible**<br>The amount you pay each year before the plan begins covering your medical expenses. | Individual — $0<br>Family — $0 |
| **Coinsurance**<br>The percentage of medical expenses shared by you and the plan after you meet your deductible. | 20%<br>(Plan pays 80%) |
| **Out-of-Pocket Maximum**<br>Total amount you pay out-of-pocket in one calendar year before the plan pays 100% of your medical expenses. | Individual — $1,250<br>Family — $2,500 |
| **Non-notification Penalty**<br>The amount you must pay if you do not call Medical Management (at the toll-free number above) before hospitalization and certain types of surgery. | $250 per procedure and/or admission |
| Lifetime maximum | $5,000,000 |

| Feature / Service | Network Service<br>You Pay |
|---|---|
| **Physician Services**<br>Office visits for routine care; diagnosis and treatment of an illness or injury; maternity care before and after birth. | 20%<br>(Plan pays 80%) |
| **Preventive Care**<br>Periodic checkups, school physicals, well-child care, immunizations, PAP tests, mammography and well-woman care.<br>Limited to $500 per calendar year for all patients over age 2. No limit under age 2. | 20%<br>(Plan pays 80%) |
| **Inpatient Hospital Services**<br>Semiprivate room and board charges, intensive care, cardiac care, well-baby care. | 20%<br>(Plan pays 80%) |
| **Surgery**<br>Anesthesia and use of an operating room or related facility in a hospital or authorized institution. | 20%<br>(Plan pays 80%) |
| **Lab and X-Ray Services**<br>X-rays or laboratory tests for diagnosis or treatment. | 20%<br>(Plan pays 80%) |
| **Urgent Care Center**<br>Physician services are covered as office visits | 20%<br>(Plan pays 80%) |

Hively
v BBA
Client Docs

0067

| Feature / Service | Network Service<br>You Pay |
|---|---|
| **Emergency Room Care**<br>Services administered for conditions meeting the definition of a true emergency. | $50 copay<br>(Plan pays 100%) |
| **Managed Mental Health and Chemical Dependency**<br>Outpatient short-term evaluation; crisis intervention; alcohol or drug detoxification;<br>medical complication of chemical dependency.<br>Outpatient Limit – 30 visits per calendar year<br>Inpatient Limit – 30 days per calendar year<br>(MN/CD limits are separate)<br>EAP - 8 visits per calendar year. | 20%<br>(Plan pays 80%) |
| **Outpatient Rehabilitation**<br>Short-term physical, occupational or speech therapy.<br>(Limited to 20 visits per calendar year) | 20%<br>(Plan pays 80%) |
| **Chiropractor**<br>Limited to 20 visits per calendar year | 20%<br>(Plan pays 80%) |
| **Ambulance** | Nothing<br>(Plan pays 100%) |
| **Home Health Care**<br>Services provided in the home by an RN, LPN or contracted therapist. Limited to $10,000<br>per calendar year. | 20%<br>(Plan pays 80%) |
| **Skilled Nursing Facility**<br>Confinement and skilled nursing services in a hospital or specialized facility. 60 days per<br>calendar year limit. | 20%<br>(Plan pays 80%) |
| **Hospice Care**<br>Room and board in a licensed facility; services of medical personnel; other services and<br>supplies. | 20%<br>(Plan pays 80%) |
| **Durable Medical Equipment**<br>Splints, braces, nonsurgically implanted prostheses, specified medical equipment for use in<br>the home. $50,000 lifetime maximum. Orthotics limited to $500 per calendar year. | 20%<br>(Plan pays 80%) |
| **Managed Network Pharmacy**<br>Prescription drugs purchased at a network pharmacy and through mail order pharmacy. | **Retail**<br>$10 copayment—generic<br>$20 copayment—brand name<br>$40 copayment—non-preferred<br>**Mail Order**<br>$20 copayment—generic<br>$40 copayment—brand name<br>$80 copayment—non-preferred |
| **Vision (glass & contact maximums may not be combined)**<br>• Exam<br><br>Glasses with frames (pair)<br>• single<br>• bifocal<br>• trifocal<br>• lenticular<br>• contacts (includes disposables) | Plan pays 100% up to a $50 maximum benefit<br><br><br>$100<br>$125<br>$150<br>$160<br>$150<br>Not limited to UHC network providers |
| **Private Duty Nursing**<br>$50,000 lifetime maximum (combined network/non-network | 20%<br>(Plan pays 80%) |

02/19/02 PBBAU034

Only medically necessary services are covered.


Hively
v. BBA
Client Docs.    0068

This is a general summary of your benefits. A more complete description of your benefits and the terms under which they are provided, including limitations and exclusions are contained in the plan documents. If there are any discrepancies between the information contained in this comparison of plan benefits and the provisions of the plan documents, the plan documents are the controlling documents.

Like most group medical plans and insurance policies, this plan contains certain exceptions, waiting periods, reductions, limitations and terms. Ask your group representative for complete details.



http://www.unitedhealthcare.com

**Group medical insurance, except in New York, provided
by or through:**
United HealthCare Insurance Company

*(all products may not be available in all states)*

**Administrative service to self-insured plans outside of
New York provided by:**
United HealthCare Insurance Company
United HealthCare Services, Inc.

**Group medical insurance in New York provided by or through:**
United HealthCare Insurance Company of New York

**Administrative services to self-insured plans in New York
provided by:**
United HealthCare Service Corp.

**Group medical insurance in Ohio provided by:**
United HealthCare Insurance Company of Ohio
United HealthCare Insurance Company

**Group medical insurance in Illinois provided by:**
United HealthCare Insurance Company of Illinois
United HealthCare Insurance Company



100-8007

Hively
v. BBA
Client Docs.    0069

reference to the method by which UHC arrives at the benefit payable under the Plan;

After discussing the matter with my attorney, I believe I am entitled to a copy of the Agreement. This is confirmed by his understanding of the law under the law (Title 29, Chapter 18 – Employee Retirement Income Security Act (ERISA), information I have seen on the DOL/EBSA website, and particularly in the statement in the last paragraph on Page 60 of the BBA Aviation Benefit Plan that I may, "Examine, without charge… at the worksite, all Plan documents including insurance contracts, (etc.)" (underline is for emphasis). I again request a copy of the UHC Service Agreement (I note this is my fifth request since 20 October 2003).

My interest is indeed in any "method UHC uses to arrive at benefit payable." If I understand you correctly, the Agreement does not specify how they may use methods to reduce payment. In my letter dated 09 October 2003 to Mr. Brandon L. Coney, UHC Appeals Coordinator, I included the following:

You state in your letter, "Every employer group allows different levels or percentiles to determine the reimbursement to providers who are not contracted by the employer's chosen insurance administrator. Your plan reimburses from the 80th percentile when determining the reasonable and customary for the performed procedure." This was further emphasized with a later statement, "The maximum allowance applied to your claims is based on the reasonable and customary rates due solely to the fact that out of network providers were used." The problem is there is no UHC network here. In fact, we have been advised that we can go to any provider and be reimbursed at 80%... Attached is a copy of our Benefit Summary for Anchorage – Non-Union where it is specified the UHC Plan pays 80% for most medical service charges. There is no mention of "network" or "contracted providers" or "80th percentile."

Again as stated above, there is no UHC network in Alaska whereby UHC can further penalize ASIG employees. The BBA Aviation Benefit Plan is very specific that it will cover 80% of medical expenses with coverage of 100% after a $1,250.00 out-of-pocket amount. That's it. In 2002 and in 2003 my wife met the minimum $1,250 out-of-pocket requirement. Yet UHC found 73 ways (to date) to deny payment and/or to deduct about 20% from the full amounts they should have paid. At present, I have paid out or still owe about $10,722.24 in medical costs that should have been paid by UHC. This 20% reduction of many of my claims is consistent with UHC's reported past practice of using computers to statistically down-code claim amounts.

JW:  As mentioned in an earlier e-mail, I believe you are following the correct procedures in bringing your R&C issue as an appeal to the BBA Aviation Plan and the Committee will be reviewing your R&C appeal. I have received your hard copy letter this past week. Thank you for reviewing and responding back to my requests.

In confirmation of my telephone message left on your voice mail, your message to me (below) on 12/23/03 was that you were sending my request to the corporate counsel for review.  Is he reviewing my request for the UHC Insurance Agreement or is he reviewing my settlement offer… or both?  If it is just to review sending me the Agreement, then I want to forward my ERISA claim.  Pls advise.

JACK

> -----Original Message-----
> From:      Wallace, Janie (BBASSI-CHQ)
> Sent:       Wednesday, December 24, 2003 8:20 AM
> To:          Hively, Jack (ASIG-ANC)
> Subject:    RE: Settlement Offer - Corporate Counsel

thank you Jack and may you have a wonderful Holiday with Family and Friends.  jw

> -----Original Message-----
> From:       Hively, Jack (ASIG-ANC)
> Sent:        Tuesday, December 23, 2003 7:15 PM
> To:           Wallace, Janie (BBASSI-CHQ)
> Subject:     RE: Settlement Offer - Corporate Counsel

Dear Janie:

Thank you for the update.  Since I had not received a response from my settlement offer I completed a rather lengthy ERISA claim and had put it in the office  mail outbox.  The first sentence read, "This is to advise you that I believe I have completed all required steps in appealing denied medical benefit on 71 issues and consider myself as being in the formal process of obtaining medical insurance coverage information in pursuing the rights afforded me by the Employee Retirement Income Security Act of 1974  (ERISA)."

I have retrieved the letter and will wait for further information.  I sincerely hope we can end this process soon.

Again, I thank you for your effort.  I wish you a Merry Christmas and a Happy New Year.

Jack

> -----Original Message-----
> From:       Wallace, Janie (BBASSI-CHQ)
> Sent:        Tuesday, December 23, 2003 11:29 AM
> To:           Hively, Jack (ASIG-ANC)
> Subject:     RE: Settlement Offer

Jack - I have been directed to send your request to our corproate counsel who is out presently; I will let you know the status; thank you, jw

-----Original Message-----
From:        Hively, Jack (ASIG-ANC)
Sent:        Friday, December 19, 2003 6:55 PM
To:          Wallace, Janie (BBASSI-CHQ)
Subject:     FW: Settlement Offer

Dear Janie:

As a point of clarification, I have been requesting a copy of the
Agreement between SFS/ASIG/BBA. I already have a copy of
the BBA Aviation Benefit Plan (Anchorage Non-Union) and the
Benefit Summary. My need for a copy of the Agreement is
because I believe UHC is improperly denying benefit payment to
me. The aforementioned documents I do have do not show
UHC has rights to reduce benefit to me for usual, customary and
reasonable (UCR) reasons, "80th percentile" evaluations,
deductions for failure to use network providers in Alaska (there
aren't any), deductions after my out-of-pocket maximum has
been reached, etc. Most recently I've been informed of about a
half dozen lawsuits charging UHC with using computer programs
to reduce benefit payment (downcoding) and I suspect that may
be one of the methods UHC is practicing here in Alaska. I note
that pages 60 and 61 of the BBA Aviation Benefit Plan
(Anchorage Non-Union) states that I am entitled under ERISA to
have a copy of all Plan documents including insurance contracts,
Dept. of Labor filings, IRS filings, etc.

JACK

-----Original Message-----
From:        Hively, Jack (ASIG-ANC)
Sent:        Friday, December 19, 2003 12:04 PM
To:          Wallace, Janie (BBASSI-CHQ)
Subject:     RE: Settlement Offer

Dear Janie:

What is the status of my settlement offer (ref.: my eMail to you
dated 12/9/03)? It expires in an hour.

I have not received a response from Ms. Cherry. Her last
discussion with my attorney a few weeks back indicated that she
did not have much to say about the matter. Another gentleman
from UHC called my attorney a few days ago to discuss my
settlement offer, but he did not have much to contribute to the
matter either.

Regarding my request for the Agreement, the instructions on the
U. S. Department of Labor / Employee Benefits Security
Administration website has the following statement:

> Obtain a Copy of Your Summary Plan
> Description

Hively
v. BBA
Client Docs    0096

The first step you should take is to carefully read your plan's summary plan description. This is a document that your plan administrator must furnish you. It gives you a detailed summary of your plan - how it works, what benefits it provides, how they may be obtained and how they may be lost. The summary plan description also is required to spell out your rights and protections under ERISA.

I note that I have requested a copy of the Agreement on three separate occasions starting October 20, 2003 to no avail.

JACK

-----Original Message-----
| From:      Wallace, Janie (BBASSI-CHQ)
| Sent:      Friday, December 19, 2003 10:52 AM
| To:        Hively, Jack (ASIG-ANC)
| Subject:   RE: Settlement Offer

Jack- I am reviewing with our staff here in following up with your request for the Agreement;

Have you received a response as of yet from Ms. Cherry?
take care,
jw

-----Original Message-----
From:      Hively, Jack (ASIG-ANC)
Sent:      Tuesday, December 09, 2003 8:38 PM
To:        Wallace, Janie (BBASSI-CHQ)
Subject:   Settlement Offer

Dear Janie:

... and thank you for providing status.

Please be advised that whenever the promised UHC review of all of my appeals are sent to me I am not expecting much new information or from a telephone conversation with a UHC Coordinator and our benefits consultant.  I have witnessed how UHC has ignored appeals, requires use of a non-existent (for Alaska) network providers or has ignored the fact that in many instances we had met the $1,500.00 out-of-pocket minimum and UHC reimbursed only 80% of costs rather than the 100% allowed.  I hope to be surprised.

However, I still need responses from several separate requests for information, as follows:

> My eMails to you to provide ASIG/SFS/BBA's Agreement with UHC.

> My letter dated 09 October 2003 to Mr. Brandon Coney, UHC Appeal Coordinator

> A letter dated 20 November 2003 (from my attorney) to Ms. Katherine Cherry, Healthcare Recoveries.

It is my firm belief that UHC (maybe knowingly) uses a flawed data base for establishing usual, customary and reasonable (UCR) charges for Alaska. I am also concerned that they are operating in excess of the Agreement and/or may be misapplying customary insurance industry practices. Given the months and months of my concerns being ignored, it is likely I will have to file an ERISA claim to root out what is truly going on. My healthcare providers, billing companies and attorney have advised me to do so. This might be the only avenue I have for receiving the data base on how Ingenix (UHC's sister company) establishes UCR charges for each of my medical charge CTP codes (this was requested in the above listed letter to Mr. Coney).

On advice of my attorney, I am amenable to a trade. UHC has requested reimbursement for $8,860.60 for medical charges from my successful auto accident injury lawsuit proceeds (ref.: above letter to Ms. Cherry). My disputed claims with UHC are over $10,700.00. I am making this one time offer to withdraw all my claims if UHC and ASIG/SFS/BBA will withdraw all claims on my lawsuit settlement amount. I do this because I am tired of chasing UHC. I already know they will not reveal their data base as has been seen with the 2001 class action lawsuit by the AMA, the New York and Missouri State Medical Associations, and individual physicians and patients, as follows:

American Medical Association, et al. v. United Healthcare, et al., (S.D.N.Y.)

This class action lawsuit questions whether United Healthcare (UHC) properly calculates "usual, customary, and reasonable" (UCR) charges when paying physicians or reimbursing patients for medical services. The plaintiffs have substantial evidence that either the UHC data base is flawed or that UHC does not systematically

6600
0099
Hively v. B&A
Client Docs

follow that data base when making payments. Since UHC refuses to disclose its data base publicly, this lawsuit is the only apparent way to ascertain whether the UHC data base accurately reflects UCR charges.

Again, I don't want to prolong my appeals only to wait several years while UHC refuses to do a proper review and to release data. A lawsuit would likely be needed to get the data.

Pls advise if UHC and ASIG/SFS/BBA are interested in this settlement offer.

JACK

-----Original Message-----
From:      Wallace, Janie (BBASSI-CHQ)
Sent:      Tuesday, December 09, 2003 10:40 AM
To:        Hively, Jack (ASIG-ANC)
Subject:   RE: Thank You

thank you Jack for your kind message; as mentioned in my earlier e-mail message, we are wanting to review with you in a conference call; unfortunately, an individual that is instrumental in working with us, has been called out of the office for a family death; will keep you posted on the timing of our call; take care, jw

-----Original Message-----
From:      Hively, Jack (ASIG-ANC)
Sent:      Friday, November 28, 2003 8:35 PM
To:        Wallace, Janie (BBASSI-CHQ)
Subject:   Thank You

Dear Janie:

I just want to let you know that in my complaints and claims regarding UHC, I am not at all upset with ASIG/SFS/BBA and appreciate having the healthcare benefit. The insurance has made substantial direct payments for accident recovery therapy, a foot surgery, and breast cancer surgery and radiation treatments. I also appreciate what you have done in reviewing my claims.

It's just that I don't trust UHC and their whittling down so much of my expenses leaving me owing so much money. As I've said in my letters so often, my healthcare providers and billing departments have advised me UHC is unique in Alaska for systematically disallowing full coverage of their normal, reasonable and customary full charges... not only for my costs but for many other Alaskans with UHC coverage.

I hope you had a wonderful Thanksgiving Day and again thank you for your assistance and concern.

JACK

Hively
v. BBA
Client Docs.    0100

**Hively, Jack (ASIG-ANC)**
**From:**    Hively, Jack (ASIG-ANC)
**Sent:**    Wednesday, November 26, 2003 9:33 AM
**To:**      Wallace, Janie (BBASSI-CHQ)
**Subject:**    FW: Adjusted Expenses

Dear Janie:

Again, please forward a copy of SFS/ASIG/BBA's agreement with
UHC for healthcare insurance services (originally requested on
10/20/03 and then again on 11/12/03).

JACK

-----Original Message-----
**From:**    **Hively, Jack (ASIG-ANC)**
Sent:     Thursday, November 13, 2003 8:29 AM
To:       Wallace, Janie (BBASSI-CHQ)
Subject: RE: Adjusted Expenses

Dear Janie:

I meant SFS/ASIG/BBA/Shared Services... whoever we are and
whatever the agreement is for the insurance that covers me.  AFSC is
Anchorage Fueling and Service Co., a consortium of the 20 major
airline companies that serve Anchorage International Airport.  AFSC
is also our sole client for our ASIG-ANC operation.  Sorry for the
confusion.

JACK

-----Original Message-----
**From:**    **Wallace, Janie (BBASSI-CHQ)**
Sent:     Thursday, November 13, 2003 4:47 AM
To:       Hively, Jack (ASIG-ANC)
Subject: RE: Adjusted Expenses

Hi Jack - sorry I didn't catch this before....what are you referring to
with the ...../AFSC?  what is AFSC?  thank you, jw

-----Original Message-----
**From:**    **Hively, Jack (ASIG-ANC)**
Sent:     Wednesday, November 12, 2003 5:24 PM

Hively
v. BBA
Cfsnt Dr

To:     Wallace, Janie (BBASSI-CHQ)
Subject: RE: Adjusted Expenses

Dear Janie

Thank you for your response.  As stated previously (see below), I have asked UHC to provide, "... a detailed review of the individual appeals I originally sent to both UHC and BBA.  In addition, I request(ed) information and history of how each of my medical procedure CTP code allowances were established by INGENIX (or any other medical database provider UHC uses) including medical provider, dates of service and full amounts of all Alaska charges under the CTP code."

An attorney who is aware of UHC's false Alaska normal medical cost analyses has stated I should possibly file an ERISA claim.  Again, all my health care providers (and) their billing departments have advised me that UHC is short-changing me and other claimants.  I believe to date there are 67 medical charges in dispute, totaling $10,561.24.

Again, as I stated in my last eMail, "What do you recommend I do from here?"

Also, as stated in my last eMail, "In the mean time, I hereby request a copy of UHC's agreement  with UHC for healthcare insurance services."  I meant the agreement with SFS/AFSC, not UHC.  When can I expect to see a copy of this agreement?

JACK

-----Original Message-----
**From:   Wallace, Janie (BBASSI-CHQ)**
Sent:     Wednesday, November 12, 2003 12:07 PM
To:       Hively, Jack (ASIG-ANC)
Subject: RE: Adjusted Expenses

Hi Jack - I have received your letters and reviewing in detail with UHC;  as soon as they respond to me, I will let you know; take care, jw

-----Original Message-----
**From:   Hively, Jack (ASIG-ANC)**

Hively
v. BBA
Client Docs

Sent:    Monday, October 20, 2003 2:45 PM
To:      Wallace, Janie (BBASSI-CHQ)
Subject: RE: Adjusted Expenses

Dear Janie:

Yes I did receive the 9/22/03 letter from UHC... but it had nothing to say about the four promised reimbursements. The letter was a rambling standard statement about its procedure for establishing reasonable and customary medical service charge allowance amounts. I responded to the letter on 10/09/03 with a copy mailed to you. Did you receive the letter?

The last two paragraphs in my letter read as follows:

And finally, your letter attempts to provide a single global rejection of 54 separate claims with just a few words about "networks," "80th percentile" and "professional and technical components." However, each of those 54 claims included detailed information about denied long-term injury benefit (the Benefit Summary limits short-term therapy only), the fact that Galina's "Out-of-Pocket Maximum" had been reached and was ignored, and un-described "part of main procedure" reduction rules were applied. A global rejection is not appropriate when 54 very specific grievances have been submitted. In addition, five more claims have been submitted and over $10,400.00 is currently unpaid by UHC and in dispute.

I consider your response to be incomplete, inaccurate, and inappropriate and generally an exercise in obfuscation. All we want is 80% of our medical costs to be covered as promised in the attached Benefit Summary. I hereby request a detailed review of the individual appeals I originally sent to both UHC and BBA. In addition, I request information and history of how each of my medical procedure CTP code allowances were established by INGENIX (or any other medical database provider UHC uses) including medical provider, dates of service and full amounts of all Alaska charges under the CTP code.

Janie, health care providers, their billing departments and an attorney have advised me that UHC is short-changing me and other claimants. What do you recommend I do from here?

In the mean time, I hereby request a copy of UHC's agreement with UHC for healthcare insurance services.

Hively
v. BBA
Client Docs    0105

**Hively, Jack (ASIG-ANC)**
**From:**    Hively, Jack (ASIG-ANC)
**Sent:**    Thursday, July 17, 2003 3:24 PM
**To:**      Wallace, Janie (BBASSI-CHQ)
**Cc:**      Mushovic, Tom  (ASIG-ANC)
**Subject:**   UHC, MDR and PHSC

Dear Janie:

Thank you for your further assistance.

Again, what is the status of my request for information:

1. Are Medical Data Research (MDR) and Prevailing Healthcare
   Charge Systems totally independent resources to UHC.
2. Are Medical Data Research (MDR) and Prevailing Healthcare
   Charge Systems used by the rest of the health care insurance
   industry?
3. Do Medical Data Research (MDR) and Prevailing Healthcare
   Charge Systems have a specific guideline for charges for
   healthcare for the State of Alaska?
4. If so, is Medical Data Research (MDR) and Prevailing Healthcare
   Charge Systems guideline independent of other states?

I have been advised by an attorney that MDR and PHCS are sister
companies to United HealthCare under their parent company United
Health Group.  Kind of like the fox guarding the hen house.  In simple
terms, are UHC and their compatriots lumping Alaska in with
Washington and Oregon (two lower medical cost states... and with
who knows what other states)... in denying payments?

I advised you several weeks ago, the AMA, New York, Missouri,
health care providers and patients have a pending class action suit
against UHC for similar payment denial practices.  In addition, I have
been advised PHCS has recently been condemned by the AMA and
other medical associations for its practice of "bundling and down-
coding" and/or ignoring CPT codes and modifiers in efforts to deny
and/or reduce medical service payments.  UHC / PHCS appears to
be counting on patient's likelihood of not appealing payment denials
to reduce its responsibilities.  I am very wary that UHC has unfairly
denied payment on my medical bills.

Hively
v. BBA
0111

**To:**    Wallace, Janie (BBASSI-CHQ)
**Subject:**    RE: Insurance Appeals

Janie,

Thank you for your continued assistance and investigation.

As you stated, UHC is strictly abiding the set R&C based upon medical data research (MDR) and Prevailing Health Care Charge Systems (PHCS). However, as I have previously charged, this is likely based on a wide ranging territory and is in conflict with their denial statements:

> **"Your plan covers reasonable charges for covered health care services. The reasonable charge is based on amounts charged by other physicians or health care professionals in the area for similar services or supplies…"**

As I previously have mentioned, UHC appears to be diluting their responsibility at the expense of BBA employees. Several other local healthcare providers have echoed this charge. In addition, the above statement does not appear in the medical plan literature provided BBA employees. All I (and I'm sure all other employees) want is to pay my fair share, which I understand to be a 20/80 split of our medical costs.

Regarding the 20 visit limit on Physical Therapy, the Outpatient Rehabilitation section of our medical plan clearly states "SHORT TERM." All other insurance companies distinguish between LONG and SHORT TERM. Let's say there was a person severely injured in an auto accident such that they have to have extended therapy two or three times a week just to be able to eventually walk again. Would our plan shut off the therapy after just a few weeks? While my and my wife's injury wasn't so severe, it was the result of a violent car accident whereby we have headache, pain and restricted activity yet today. And to top it off, UHC has advised my attorney they intend to recover costs from my settlement effort. It appears UHC is once again sidestepping their responsibility at the expense of BBA Employees. Are you sure there is no LONG TERM injury benefit?

Again, thank you for your effort.

Jack

-----Original Message-----
**From:**    **Wallace, Janie (BBASSI-CHQ)**
**Sent:**    Wednesday, April 16, 2003 10:56 AM
**To:**    Hively, Jack (ASIG-ANC)
**Subject:**    RE: Insurance Appeals

Hively
v. BBA
Client Docs

Jack - I have sent to you an earlier e-mail message concerning your current claims;
UHC is strictly abiding the set R&C based upon medical data research (MDR) and Prevailing Health Care Charge Systems (PHCS).  as mentioned in the earlier e-mail, we are still reviewing this situation.

The long term care plan design is 20 visits per the calendar year limit as stated in the Outpatient Rehabilitation section.
As I understand from your communication, the treatment is conducted on an outpatient level; thus, the maximum visits is 20 per calendar year.
I will continue to send your claims into UHC for the extra review; until then, we wil continue our research for any opportunity for change.
take care,
jw

-----Original Message-----
**From:**      Hively, Jack (ASIG-ANC)
**Sent:**      Monday, March 31, 2003 6:41 PM
**To:**        Wallace, Janie (BBASSI-CHQ)
**Subject:**   Insurance Appeals

3/31/03

Dear Janie:

What is the status of my medical claim appeals?  To date, there are 14 separate issues I have sent to you.  Another half dozen are on the horizon.  Most of the issues involve UHC's disallowing portions of medical charges as not being normal for the Alaska area.  All my medical provider accounting departments have advised me that their charges are competitive, reasonable and normal.  In their opinion UHC is uniquely making these reductions and placing unwarranted financial burden on patients.  Recently several of the billing department individuals have advised me to file a complaint with the State of Alaska Insurance Commissioner and to pursue an ERISA claim.

One of the issues should have been resolved by now.  What is our LONG TERM therapy coverage?

Your immediate action would be most appreciated.

w/ Best Regards,

| | Date of Service | Date Processed | Provider | Total Charge | Total Paid | Total Patient Responsibility | Click below for details |
|---|---|---|---|---|---|---|---|
| | 03/10/2003-03/12/2003 | 04/02/2003 | Anchorage Therapy | $1050.00 | | | |
| | 03/05/2003 | 04/02/2003 | Anchorage Therapy | $475.00 | | | |
| | 03/04/2003 | 04/02/2003 | Anchorage Therapy | $1125.00 | | | |

| CLAIMS PROCESSED | Date of Service | Date Processed | Provider | Total Charge | Total Paid | Total Patient Respon-sibility | Click below for details |
|---|---|---|---|---|---|---|---|
| | 03/13/2003-03/14/2003 | 04/16/2003 | Anchorage Radiation | $950.00 | $850.00 | $100.00 | Details |
| | 03/13/2003 | 04/09/2003 | R Chung | $425.00 | $280.00 | $145.00 | Details |
| | 03/12/2003 | 04/09/2003 | R Chung | $1375.00 | $560.00 | $815.00 | Details |
| | 03/10/2003 | 04/09/2003 | R Chung | $500.00 | $103.84 | $396.16 | Details |
| | 03/05/2003 | 04/15/2003 | R Chung | $1150.00 | $224.00 | $926.00 | Details |
| | 03/05/2003 | 04/09/2003 | R Chung | $375.00 | $133.00 | $242.00 | Details |
| | 03/05/2003 | 04/16/2003 | Anchorage Radiation | $908.30 | $964.34 | $285.66 | Details |
| | 03/05/2003 | 03/26/2003 | Providence Imaging | $84.00 | $46.20 | $37.80 | Details |
| | 03/05/2003 | 03/26/2003 | Alaska Radiology | $50.00 | $37.80 | $12.20 | Details |
| | 03/04/2003 | 04/09/2003 | R Chung | $1000.00 | $387.60 | $612.40 | Details |

**Jack and Galina Hively**
**3008 Brookside Drive**
**Anchorage, Alaska 99517**
**(907) 249-4204  Work**
**(907) 245-3086  Home**

29 January 2004

Ms. Janie Wallace, Director
Benefits Department, BBA Shared Services
201 South Orange Avenue, Suite 1400
Orlando, Florida 32801

Subject:    Request for Information Under ERISA
            UHC Claim No. 1213828801

Dear Janie:

This letter is a Request for Information regarding my medical benefits.   Please consider this an addendum
to the below Appeal previously filed with your office:

| | | |
|---|---|---|
| ➢ | United HealthCare Claim No: | 1213828801 |
| ➢ | Date of Medical Service: | 17-Jan-02 |
| ➢ | Amount in Dispute: | $72.00 |
| ➢ | Date of Appeal Letter to BBA: | 29-Oct-02 |
| ➢ | No. of Days Since Appeal to BBA: | 457 |

I request specific answers to the following questions regarding the above Claim:

1.  What was the CTP Code or Codes used by UHC in establishing its reimbursement amount?

2.  Specifically, how did UHC determine the amount it allowed?

3.  If a database firm was used, what was the name of the company and its relationship with UHC?

4.  Did UHC "downcode" the CTP Code submitted by the health service provider?

5.  Was Alaska the only area used to determine the amount UHC allowed?

As I have stated in so many previous letters, I believe UHC has violated or has inappropriately expanded
the terms stated in the BBA Aviation Benefit Plan manual.  I am researching benefit payment amounts
that should have been allowed for the subject Claim.  A follow-up request for more information or a
statement of fact will be issued when the above requested information has been received and the research
completed.

w/ Best Regards,

*Jack Hively*

Hively
v. BBA
Client Docs.    0234

**Jack and Galina Hively**
**3008 Brookside Drive**
**Anchorage, Alaska 99517**
**(907) 249-4204  Work**
**(907) 245-3086  Home**

29 January 2004

Ms. Janie Wallace, Director
Benefits Department, BBA Shared Services
201 South Orange Avenue, Suite 1400
Orlando, Florida 32801

Subject:   Request for Information Under ERISA
           UHC Claim No. 6526154201

Dear Janie:

This letter is a Request for Information regarding my medical benefits.   Please consider this an addendum
to the below Appeal previously filed with your office:

| | | |
|---|---|---|
| ➢ | United HealthCare Claim No: | 6526154201 |
| ➢ | Date of Medical Service: | 28-May-02 |
| ➢ | Amount in Dispute: | $180.00 |
| ➢ | Date of Appeal Letter to BBA: | 11-Nov-02 |
| ➢ | No. of Days Since Appeal to BBA: | 444 |

I request specific answers to the following questions regarding the above Claim:

1.  What was the CTP Code or Codes used by UHC in establishing its reimbursement amount?

2.  Specifically, how did UHC determine the amount it allowed?

3.  If a database firm was used, what was the name of the company and its relationship with UHC?

4.  Did UHC "downcode" the CTP Code submitted by the health service provider?

5.  Was Alaska the only area used to determine the amount UHC allowed?

As I have stated in so many previous letters, I believe UHC has violated or has inappropriately expanded
the terms stated in the BBA Aviation Benefit Plan manual.  I am researching benefit payment amounts
that should have been allowed for the subject Claim.  A follow-up request for more information or a
statement of fact will be issued when the above requested information has been received and the research
completed.

w/ Best Regards,

Jack Hively

Hively
v. BBA
Client Docs.   0235

# Jack Hively
### 3008 Brookside Drive
### Anchorage, Alaska 99517
### (907) 249-4204  Work
### (907) 245-3086  Home

23 April 2003

Ms. Janie Wallace, Director
Benefits Department, BBA Shared Services
201 South Orange Avenue
Suite 1400
Orlando, Florida 32801

Subject:  Appeal of Disallowed Medical Expense
            Claim No. 8388830301

Dear Janie:

This letter is to request your review of the disallowance of medical expenses by United
HealthCare (hereafter "UHC").  I am writing my appeal direct to you because I have found an
appeal sent to UHC is useless, they will always automatically stand by their original denial
even when compelling information for approval is submitted.  This conclusion is stated in
nineteen (19) previous letters I have sent to you.  Attached please find the following
documents:

> ➢ UHC's "Explanation of Benefits" dated 04/07/03 regarding the charges by Providence
> Imaging involved with a tumor biopsy for my wife's breast cancer.  A $263.00 charge
> for disposable Medical Supplies was disallowed with the following remarks:
>
> > **"This service or supply is part of a main procedure and is not
> > covered separately."**
>
> The charge is for a "surgical tray" used during a separately charged stereo guidance
> procedure.  I called Providence Imaging and was informed they always break out the
> costs for supplies as required by the insurance industry.  In addition, I was told the
> charge for the supplies is reasonable and customary.  Providence Imaging also stated
> the charge is routinely allowed by Blue Cross (Washington and Alaska), Aetna, Cigna
> and Federal Blue Cross.

> ➢ On the same UHC's "Explanation of Benefits" form, only 80% of other allowed charges
> of $17.00 and $689.00 was covered with the statement:
>
> > **"According to your plan, your benefits are lower because your care
> > was coordinated by a non-network physician or health care
> > professional."**
>
> As I'm sure you are aware, we do not have network physicians here in Alaska.  In
> addition, Galina met the $1,250.00 "out-of-pocket" requirement before these charges
> occurred.

Hively
v. BBA
Client Docs    0397

# Jack Hively

### 3008 Brookside Drive
### Anchorage, Alaska 99517
### (907) 249-4204  Work
### (907) 245-3086  Home

11 March 2002

United Healthcare Ins. Co.
Attn.: Appeals Dept.
P. O. Box 30555
Salt Lake City, UT 84130

Subject:  Appeal of Disallowed Expense
          Claim No. 1213828801

Dear Sir or Madam::

On 1/17/02 I had an out-patient surgery at Dr. Fischer's office.  See attached copy of a UHC Explanation of Benefits form that shows UHC disallowed $72.00 as being unreasonable for what others would charge in the Anchorage, Alaska area.  My physician and I find this incredible, because his fees are in the 50th to 60th percentile of what physicians' charge in this area.

The disallowance is also particularly incredible because I could have had the surgery done in a UHC network hospital for 5 to 6 ~~several~~ times the $315.00 charge.

Please approve the $72.00 charge or provide detail of "... amounts charged by other physicians or health care professionals in the area (charge) for similar services..."

Your immediate response would be greatly appreciated.

w/ Best Regards,

Jack Hively

UNITED HEALTHCARE INSURANCE COMPANY

DALLAS SERVICE CENTER
P.O. BOX 30555
SALT LAKE CITY, UT 84130-0555
PHONE: (888) 840-6015



**UnitedHealthcare**
A UnitedHealth Group Company

PAGE: 1 OF 1
DATE: 02/04/02
SSN/ID #: 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   5571682184
EMPLOYEE: JACK HIVELY
CONTRACT: 0237592
BENEFIT PLAN: BBA AVIATION BENEFIT PLAN

JACK HIVELY
3008 BROOKSIDE DR.
ANCHORAGE AK  99517

# EXPLANATION
# OF BENEFITS

## SERVICE DETAIL

| PATIENT & RELAT CLAIM NUMBER | PROVIDER & SERVICES | DATE OF SERVICE | AMOUNT CHARGED | NOT COVERED | AMOUNT ALLOWED | COPAY/ DEDUCTIBLE | PLAN COVERS | BENEFIT AVAILABLE | REMARK CODE |
|---|---|---|---|---|---|---|---|---|---|
| JACK 1213828801 | EE M FISCHER SURGERY | 01/17/02 TOTAL | 315.00 315.00 | 72.00 72.00 | 243.00 243.00 | | 80% | 194.40* 194.40 | 29 QN |
| | | | | | | PLAN PAYS | | 194.40 | |
| | | | | | | ** PATIENT PAYS | | 120.60 | |
| JACK 1236006001 | EE LABCORP HOLDINGS LABORATORY SERVICES | 01/18/02 TOTAL | 137.00 137.00 | | 54.68 54.68 | | 80% | 43.74* 43.74 | D1 QN |
| | | | | | | PLAN PAYS | | 43.74 | |
| | | | | | | ** PATIENT PAYS | | 10.94 | |
| JACK 1301386401 | EE PHYSICIAN ASSOCIATES MEDICAL SERVICES MEDICAL SERVICES MEDICAL SERVICES | 01/11/02 01/11/02 01/11/02 TOTAL | 45.00 90.00 45.00 180.00 | | 45.00 90.00 45.00 180.00 | | 80% 80% 80% | 36.00* 72.00* 36.00* 144.00 | DD DD DD QN |
| | | | | | | PLAN PAYS | | 144.00 | |
| | | | | | | ** PATIENT PAYS | | 36.00 | |

(*) INDICATES PAYMENT ASSIGNED TO PROVIDER

** DEFINITION:   "PATIENT PAYS" IS THE AMOUNT, IF ANY, OWED YOUR PROVIDER.  THIS MAY INCLUDE AMOUNTS ALREADY PAID
                 TO YOUR PROVIDER AT TIME OF SERVICE.

REMARK CODE(S) LISTED BELOW ARE REFERENCED IN THE "SERVICE DETAIL" SECTION UNDER THE HEADING "REMARK CODE"
  (29 ) YOUR PLAN COVERS REASONABLE CHARGES FOR COVERED HEALTH SERVICES. THE REASONABLE CHARGE IS BASED ON AMOUNTS
        CHARGED BY OTHER PHYSICIANS OR HEALTH CARE PROFESSIONALS IN THE AREA FOR SIMILAR SERVICES OR SUPPLIES.
        BENEFITS ARE NOT AVAILABLE FOR THAT PORTION OF THE CHARGE THAT EXCEEDS THE REASONABLE CHARGE DETERMINED FOR
        THIS SERVICE.
  (QN ) YOUR CLAIM MAY HAVE BEEN SEPARATED FOR PROCESSING PURPOSES. ANY ADDITIONAL CHARGES WILL BE PROCESSED AS SOON
        AS POSSIBLE.
  (D1 ) THANK YOU FOR USING A NETWORK PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. WE HAVE APPLIED THE CONTRACTED FEE.
        THE PATIENT IS NOT RESPONSIBLE FOR THE DIFFERENCE BETWEEN THE AMOUNT CHARGED BY THE PHYSICIAN OR HEALTH CARE
        PROFESSIONAL AND THE AMOUNT ALLOWED BY THE CONTRACT.
  (DD ) YOUR PLAN MAY PROVIDE YOU WITH NETWORK PHYSICIANS AND OTHER HEALTH CARE PROFESSIONALS. VISITS TO NETWORK
        PHYSICIANS OR HEALTH CARE PROFESSIONALS GENERALLY COST LESS THAN VISITS TO THOSE PHYSICIANS NOT IN THE
        NETWORK.

| BENEFIT PLAN PAYMENT SUMMARY INFORMATION | |
|---|---|
| M FISCHER | $194.40 |
| LABCORP HOLDINGS | $43.74 |
| PHYSICIAN ASSOCIATES | $144.00 |

| SATISFIED 2002 TO DATE: | OUT OF POCKET |
|---|---|
| FAMILY | $131.54 |
| JACK        EE | $131.54 |
| PLAN YEAR 2002 | FAMILY: $2500.00 INDIV: $1250.00 |

REVIEW OF THIS BENEFIT STATEMENT MAY BE REQUESTED BY FOLLOWING THE STEPS OUTLINED IN YOUR BENEFIT BOOKLET UNDER "HOW
TO APPEAL A CLAIM" OR "YOUR RIGHTS UNDER ERISA". THE REQUEST MUST BE MADE WITHIN 60 DAYS OF RECEIVING THIS STATEMENT.

WWW.MYUHC.COM - YOUR NEW ONLINE RESOURCE FOR YOUR PERSONAL HEALTH TRANSACTIONS AND INFORMATION. LOG IN AND REGISTER
TODAY! PLEASE SAVE THIS STATEMENT FOR YOUR RECORDS (INCLUDING TAX RECORDS, IF APPLICABLE).

# THIS IS NOT A BILL

## Physician

A legally qualified:

- Doctor of Medicine (M.D.).
- Doctor of Chiropody (D.P.M.; D.S.C.).
- Doctor of Chiropractic (D.C.).
- Doctor of Dental Surgery (D.D.S.).
- Doctor of Medical Dentistry (D.M.D.).
- Doctor of Osteopathy (D.O.).
- Doctor of Podiatry (D.P.M.).

## Plan

The Employee's medical benefits described in this Booklet.

## Psychologist

A person who specializes in clinical psychology and fulfills one of these requirements:

- A person licensed or certified as a psychologist.
- A Member or Fellow of the American Psychological Association, if there is no government licensure or certification required.

## Reasonable Charge

As to charges for services rendered by or on behalf of a Network Physician, an amount not to exceed the amount determined by the Company in accordance with the applicable fee schedule.

As to all other charges, an amount measured and determined by the Company by comparing the actual charge for the service or supply with the prevailing charges made for it. The Company determines the prevailing charge. It takes into account all pertinent factors including:

- The complexity of the service.
- The range of services provided.
- The prevailing charge level in the geographic area where the provider is located and other geographic areas having similar medical cost experience.

## Rehabilitation Facility

A facility accredited as a rehabilitation facility by the Commission on Accreditation of Rehabilitation Facilities.

## Review or Review Process

A review and determination that the services and supplies are Covered Health Services.