David A. Devine (AK Bar No. 7906015)
GROH EGGERS, LLC
2600 Cordova Street - Suite 110
Anchorage, AK  99503
Phone:  (907) 562-6474
Fax:     (907) 562-6044
Email:  devined@groheggers.com
Attorneys for Defendants BBA Aviation Benefit Plan
and BBA Aviation Shared Services, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK HIVELY and GALINA HIVELY )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BBA AVIATION BENEFIT PLAN )<br>and BBA AVIATION SHARED )<br>SERVICES, INC., )<br>)<br>Defendants. )<br>_____ ) | Case No.  3:05-cv-0214 (TMB)<br><br><br><br><br><br><br>**REPLY BRIEF IN FURTHER SUPPORT OF BBA's MOTION FOR PARTIAL SUMMARY JUDGMENT** |

COME NOW the Defendants, BBA Aviation Benefit Plan and BBA Aviation Shared Services, Inc. (jointly "BBA"), by and through counsel, and submit this Reply Brief in further support of their Motion for Partial Summary Judgment filed at Docket 026.

29 U.S.C. § 1024(b)(4) requires that upon the written request of a participant or beneficiary, the administrator of an ERISA plan must furnish the participant or beneficiary with a copy of the bargaining agreement, trust agreement, contract or other instrument under which the plan is established or operated.  In this case, all parties agree that "Plaintiffs received a copy of the BBA Aviation Benefit Plan … (BBA plan

documents)." Plaintiffs' Opposition at 4.  In other words, it is undisputed that the Hivelys were, in fact, given copies of the governing plan document for the BBA Aviation Benefit Plan.  The only issue remaining is whether any of the Hivelys' requests for other types of information can establish the basis for the imposition of a statutory penalty.

In their answers to BBA's discovery requests, the Hivelys identified the following information they claim they sought from BBA:

    1.    What was the CTP Code[1] or Codes used by UHC[2] in establishing the reimbursement amount?
    2.    Specifically, how did UHC determine the amount it allowed?
    3.    If database firm was used, what was the name of the company & its relationship with UHC?
    4.    Did UHC "downcode" the CTP Code submitted by the health service provider?
    5.    Was Alaska the only area used to determine the amount UHC allowed?

See Exhibit B to BBA's Motion for Partial Summary Judgment at Docket 026.  In its Motion for Partial Summary Judgment, BBA demonstrated that these requests were **not** requests for the formal legal document that created or established the BBA plan and therefore did not form the basis for the imposition of a statutory penalty.  In their Opposition, the Hivelys sought to get around this failure by identifying four additional

---

[1] Current Procedural Terminology (CPT) codes are used by physicians and other health care providers for reporting medical services and procedures.  CPT codes are **not** something proprietary to BBA or its health benefit plan but are instead an American Medical Association copyrighted product.  The purpose of such codes is to provide a uniform nationwide language to describe medical services.

[2] United HealthCare Insurance Company (UHC) provided administrative services to the BBA Aviation Benefit Plan in connection with the processing of claims for health care services.

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

requests for information:

> 6.  Requests for information regarding network providers.[3]
> 7.  Requests for information regarding Usual and Customary Charges.
> 8.  Requests for the Contract between UHC and BBA Aviation Benefit Plan.
> 9.  Copy of Fee Schedule reference in the Plan (page 50 … of the plan booklet).

See Plaintiffs' Opposition at 2. However, the four additional categories of requests do not form a predicate for imposition of a statutory penalty any more than the first five categories did. Not one of these "requests" was for the formal legal document that created or established the BBA Aviation Benefit Plan, and therefore cannot provide the basis to impose a statutory penalty in this case. *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 84, 115 S.Ct. 1223, 1231, 131 L.Ed.2d 94 (1995); *Hughes Salaried Retirees Action Committee v. Administrator of the Hughes Non-Bargaining Retirement Plan*, 72 F.3d 686, 691 (9th Cir. 1995), *cert.* denied 517 U.S. 1189, 116 S.Ct. 1676, 134 L.Ed.2d 779 (1996); *Faircloth v. Lundy Packing Co.*, 91 F.3d 648, 653-654 (4th Cir. 1996).

None of the cases cited by Plaintiffs in their Opposition are on point with the information requests alleged by the Hivelys in this case. *Anderson v. Flexel, Inc.*, 47 F.3d 243 (7th Cir. 1995) involved a request for personnel file information, which the Court held did **not** form the basis for imposition of a statutory penalty since it was not a request for a governing plan document. *Id.* at 249. The other request in that case was for group life insurance information, and there was no dispute that the request entitled the beneficiary to a copy of the plan's life insurance policy handbook. *Id.* at 250. What

---

[3] There are no network physicians in Alaska and therefore nothing to produce.

distinguishes the case from the case at bar is that the fact that the Hivelys have admitted that they actually received a copy of the BBA Aviation Benefit Plan.

*Hess v. Hartford Life and Accident Insurance Co.*, 91 F.Supp.2d 1215 (C.D. Ill. 2000), aff'd 274 F.3d 456 (7th Cir. 2001) actually supports BBA's argument. The Court there held that a plan administrator's failure to produce a copy of the plan itself warranted the imposition of a statutory penalty, *id.* at 1224-1225, but that not all other documents relating to a plan rise to the level of a governing plan document that must be produced. The term "other instruments" as used in 29 U.S.C. § 1024(b)(4) "does not mean any document relating to a plan, but only formal documents that establish or govern the plan." *Id.* at 1226. The Court specifically distinguished between documents that may be useful and discoverable, but which do not establish the predicate for imposition of statutory penalties, and governing plan documents that must be produced:

> Although useful to Hess, and certainly discoverable in litigation, these documents do not fall within the Seventh Circuit's narrow reading of subsection 1024(b)(4)'s "other instruments" language. However, relevant to Hess' claim, documents relating to the particular claim of one claimant are simply not the sort of legal instruments under which the plan was managed.

*Id.* at 1227.

*Fisher v. Metropolitan Life Insurance Co.*, 895 F.2d 1073 (5th Cir. 1990) involved a claim "that Metropolitan had failed to provide [plaintiff] with a copy of the Plan in violation of 29 U.S.C. § 1024(b)(4)". *Id.* at 1076. In the case at bar, however, the Hivelys have admitted that, in fact, they were given a copy of the BBA Aviation Benefit

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

Plan. See Plaintiffs' Opposition at 4. This fact distinguishes the result in *Fisher* from the present case. *Fisher* is relevant, however, for its statement of the legal principle argued by BBA that "[a]s a penalty provision, section 1132(c) must be strictly construed." *Id.* at 1077.

*Bartling v. Fruehauf Corp.*, 29 F.3d 1062 (6th Cir. 1994) and *Boone v. Leavenworth Anesthesia, Inc.*, 20 F.3d 1108 (10th Cir. 1994) both involved a pension plans rather than a health benefit plan such as the one at issue in the case at bar. More importantly, the *Bartling* case involved a request for an actuarial valuation report that was **statutorily required**, 29 F.3d at 1070, while the *Boone* case involved a specific request for a statement of pension benefits accrued that must be produced upon the request of a pension beneficiary. See 29 U.S.C. 1025(a). There are no such statutes specifically requiring production of the categories of information allegedly requested by the Hivelys in this case.

*Health Cost Controls of Illinois v. Washington*, 187 F.3d 703 (7th Cir. 1999), *Milwaukee Area Joint Apprenticeship Training Committee v. Howell*, 67 F.3d 1333 (7th Cir. 1995), and *Horn v. Berdon, Inc. Defined Benefit Pension Plan*, 938 F.2d 125 (9th Cir. 1991) were not cases that in any way involved the issue of whether a statutory penalty should be imposed. In fact, not one of these cases even involved an allegation that a request for plan documents was ignored. The cases have nothing whatsoever to do with the issues raised in BBA's motion for partial summary judgment.

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

*Allinder v. Inter-City Products Corporation*, 152 F.3d 544 (6th Cir. 1998) actually supports BBA's argument. Allinder asked the Court to broadly construe the "other instruments" language of 29 U.S.C. § 1024(b)(4) "to include any document that is used in the *day-to-day processing of claims* under an employee benefit plan." *Id.* at 549. (emphasis in original). The Court disagreed, holding that documents used in the ministerial day-to-day processing of individual claims are **not** governing instruments under which a plan is established or operated and therefore do not form the predicate for imposition of a statutory penalty. *Id.*

*Kollman v. Hewitt Associates, LLC*, 2005 WL 2746659 (E.D. Pa. 2005) involved a plaintiff who sought a copy of a Plan and a Summary Plan Description. The case is factually distinguishable since in this case, the Hivelys have expressly admitted that they received both a copy of the BBA Aviation Benefit Plan and the Summary Plan Description for that plan. See Plaintiffs' Opposition at 4.

*Hackett v. Xerox Corporation Long-Term Disability Income Plan*, 177 F.Supp.2d 803 (N.D. Ill. 2001), rev'd on other grounds 315 F.3d 771 (7th Cir. 2003) is another case cited by Plaintiffs that actually supports BBA's argument since it carefully distinguishes between documents that may well be discoverable and governing plan documents that will support the imposition of a statutory penalty:

> A plan administrator's duty, under the aforementioned provisions of ERISA, is to a defined set of documents. The provisions do not require production of all documents relevant to a plan. And if litigation comes along, then ordinary discovery rules under the management of the district court provide the limits on what must be produced.

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

*Id.* at 826.

Likewise, *Hickey v. Pennywitt*, 2004 WL 1304933 (N.D. Ohio 2004) supports BBA's argument. There the Court held that the "other instruments" language of 29 U.S.C. § 1024(b)(4) was limited to the class of documents that preceded it – i.e. the bargaining agreement, trust agreement, or contract under which the plan is established. Other documents, "however important they may be" to a plaintiff are not "the types of documents to which § 1024(b)(4) refers." *Id.* at *7.

One assertion made by Plaintiff's in their Opposition warrants an additional response. The Hivelys allege that they requested a copy of an agreement between BBA and United HealthCare ("UHC") and that BBA has never produced the document. In fact, the document was produced in discovery and a copy is attached hereto as Exhibit A for the Court's perusal. When Mr. Hively requested a copy of the BBA/UHC agreement from BBA, he was told (1) that he was not legally entitled to a copy of the agreement and (2) BBA had reviewed the agreement and it contained nothing that created any rights or benefits in the Hivelys or other plan participants. See Exhibit B hereto. Both statements are true. The agreement is solely for administrative services to be performed by UHC for BBA, and it governs the relationship between those parties, not any relationship between BBA and its plan participants. It is therefore not a governing plan document as defined in 29 U.S.C. § 1024(b)(4) and it does not establish the predicate for the imposition of a statutory penalty.

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

## CONCLUSION

The cases cited by Plaintiffs in their Opposition are either distinguishable upon their face or support the argument made by BBA in its motion for partial summary judgment. It is only a request for the formal legal documents by which a plan is established that may lead to the imposition of a statutory penalty. Other documents or information, no matter how important a plaintiff may perceive them to be, simply do not establish the necessary predicate for such a penalty. The Hivelys have admitted that they were given a copy of the BBA Aviation Benefit Plan and a copy of the Summary Plan Description for that Plan. Those were the governing plan documents to which they were statutorily entitled, and since BBA complied with its obligation to produce those documents there is no basis for any imposition of a statutory penalty in this case. Accordingly, BBA is entitled to a partial summary judgment dismissing with prejudice Count II of Plaintiffs' Second Amended Complaint.

Respectfully submitted this 16th day of November, 2006.

>GROH EGGERS, LLC
>
>Attorneys for Defendants BBA
>
>By: s/ David A. Devine
>    David A. Devine (AK Bar No. 7906015)
>    GROH EGGERS, LLC
>    3201 C Street, Suite 400
>    Anchorage, AK 99503
>    Phone: (907) 562-6474
>    Fax: (907) 562-6044
>    E-Mail: devined@groheggers.com

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044

I HEREBY CERTIFY that on November 16, 2006,
a copy of the foregoing was served **electronically** on:

David D. Clark, Esq.
LAW OFFICE OF DAVID CLARK
101 E. 9th Ave., Suite 12-B
Anchorage, AK  99501
Attorney for Plaintiff

  s/ David A. Devine

Law Offices of
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Phone (907) 562-6474
Fax (907) 562-6044