**LAW OFFICE OF DAVID CLARK**
**101 EAST NINTH AVE., SUITE 12-B**
**ANCHORAGE, AK  99501**
**Phone      (907) 272-7989**
**Fax        (907) 274-9829**
**Email      dclark@lawddc.com**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK HIVELY | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. A-05-214 CI (TMB) |
| v. | ) |
| | ) **MOTION TO STRIKE DEFENDANTS'** |
| BBA AVIATION BENEFIT PLAN | ) **NOTICE OF SUPPLEMENTAL** |
| AND BBA AVIATION SHARED | ) **EXHIBIT OR ALTERNATIVELY A** |
| SERVICES, INC. | ) **RESPONSE TO DEFENDANTS'** |
| | ) **NOTICE OF SUPPLEMENTAL** |
| | ) **EXHIBIT** |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiffs move to strike the defendants "Notice of Filing Supplemental Exhibit" or alternatively to allow a brief response to the "Notice".  The exhibits attached to the "Notice" were included by plaintiffs as part of their Opposition to defendants' Summary Judgment Motion[1] and they admitted during oral argument the documents were received sometime around September 2004.  Not content to just file the exhibits the defendants continued the summary judgment argument and incorrectly state that plaintiffs had taken a new position during oral argument.

Jack and Galena Hively had been filing appeal requests beginning in the year 2002, this (exhibit A to defendants Notice(this is the same as BBA 371)) was

---

[1] The email "return receipt" was not admitted but that document provides nothing since the Hivelys freely admitted received Exhibit A.

delivered, as stated by the Hivelys at oral argument, to Jack Hively sometime in 2004. This Exhibit A, although it discusses reasonable and customary and percentile practices, actually defines reasonable and customary by applying a straight percentage deduction to arrive at the reasonable and customary rate as shown in the example. $115.00 * 80% = $85.00 R&C Rate. $115.00 * 95% = $109.25 R&C Rate. It appears that Reasonable and Customary as defined in the BBA Health Plan was, for period of time, determined by multiplying the medical provider's bill by 80% (20% reduction) and then later by 95% (5% reduction) before reducing the bill further by a 20% co-pay arrangement. This is information which will "[a]llow 'the individual participant [to] know[] exactly where he stands with respect to the plan--what benefits he may be entitled to, what circumstances may preclude him from obtaining benefits,...." *Hughes Salaried Retirees Action Comm. v. Administrator of the Hughes Non-Bargaining Retirement Plan*, 72 F.3d 686, 690 (9th Cir. 1995), *cert. denied*, 517 U.S. 1189, 134 L. Ed. 2d 779, 116 S. Ct. 1676 (1996) (*quoting* S. Rep. No. 93-127 (1974).

Plaintiffs take issue with the Statement of the defendants that for the first time at oral argument the plaintiffs argued that Exhibit A (document BBA 371) was a plan document. In their filed opposition the plaintiff said:

> In document numbered BBA 00371, the defendant admitted that it was paying only the 80th percentile of 80% of the medical providers' bill which would be less than the 80% which the BBA Plan covered. Since no known plan document allows the defendant to make this 80th percentile adjustment to the amount paid, plaintiff was entitled to ask for the document and receive it. The difference in the application for a $100 bill is approximately one-fifth more is paid by the plan beneficiary. See BBA 000371. This is a

> significant amount. Without knowledge of how the plan operated and applied the usual, customary and reasonable charges, obtaining a physician under the BBA plan was much like a game of Russian Roulette with consequences that could be financially devastating for the plan beneficiary if he or she chose a health provider who the BBA administrator determined charged rates which exceeded the usual, customary & reasonable charges in the market.

The term "instruments" as used in 29 USC 1024(b)(2) means "documents that provide individual participants with information about the plan and benefits." *Shaver v. Operating Eng'rs Local 428 Pension Trust Fund*, 332 F.3d 1198, 1202 (9th Cir. 2003) Document 371 (Exhibit A) is such an instrument and was argued as such by the plaintiffs in their opposition and at oral argument.

Plaintiffs request that the defendants' Supplemental Notice be Stricken or that this pleading be accepted in Response.

DATED this 17th day of June, 2007.

>
> LAW OFFICE OF DAVID D. CLARK
> Attorneys for Plaintiff
>
> By:__s/ David Clark_____
> David Clark
> 101 E. 9th Ave., Suite 12-B
> Anchorage, AK 99501
> Phone:      (907) 272-7989
> Fax:        (907) 274-9829
> E-Mail      dclark@lawddc.com
> AK Bar No. 8310110

I HEREBY CERTIFY that on June 18, 2007
a copy of the foregoing was served electronically on :

David A. Devine
Groh Eggers, LLC


         s/ David Clark


Response
Hively v. BBB Health Trust
Case No. 3AN-05-214 CI
Page 3 of 3