**LAW OFFICE OF DAVID CLARK**
**101 EAST NINTH AVE., SUITE 12-B**
**ANCHORAGE, AK  99501**
**Phone      (907) 272-7989**
**Fax          (907) 274-9829**
**Email      dclark@lawddc.com**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK HIVELY ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. A-05-214 CI (TMB) |
| v. ) | |
| ) | **REPLY TO DEFENDANTS' RESPONSE** |
| BBA AVIATION BENEFIT PLAN ) | **TO PLAINTIFFS' MOTION TO** |
| AND BBA AVIATION SHARED ) | **STRIKE** |
| SERVICES, INC. ) | |
| ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiffs Reply to defendants Response to Plaintiff's Motion to Strike. Defendants are incorrect in their assumption that the Hivelys' admission that they received Ex. A (BBA 371) means that the Hivelys have no statutory penalties for failure to provide plan documents. Plaintiffs' admission simply fixes the date upon which statutory penalties cease for this one particular issue. Ex. A or BBA 371 simply establishes that "Reasonable" or "Reasonable and Customary" had been defined before September 2004 as 80% of the medical provider's bill (this application is before the co-pay deduction of 20% is applied).[1] Defining "reasonable" charges at 80% is important information that should have been included in the plan documents. The defendants should provide information to allow "the individual participant [to] know[]

---

[1] Jack and Galena Hively can take credit for the shift in this definition of "Reasonable"

Non.Opposed
Hively v. BBB Health Trust
Case No. 3AN-05-214 CI
Page 1 of 3

exactly where he stands with respect to the plan--what benefits he may be entitled to, what circumstances may preclude him from obtaining benefits, what procedures he must follow to obtain benefits, ….'" *Hughes Salaried Retirees Action Comm. v. Administrator of the Hughes Non-Bargaining Retirement Plan*, 72 F.3d 686, 690 (9th Cir. 1995), *cert.* This rule of law outlined by Congress has been codified in the federal regulations as:

> [t]he summary plan description shall include a description of: any cost-sharing provisions, including premiums, **deductibles**, coinsurance, and co-payment amounts for which the participant or beneficiary will be responsible; any annual or lifetime caps or other **limits on benefits under the plan; the extent to which preventive services are covered under the plan;** whether, and under what circumstances, existing and new drugs are covered under the plan….[2];

Jack Hively began appealing the defendants' denials of their claim in October of 2002. It will be up to the Court to determine when the first request for information was made and to attach penalties for the defendants' failure to provide the

---

[2] 29 CFR § 2520.102-3(j)  *Contents of summary plan description*
Response
Hively v. BBB Health Trust
Case No. 3AN-05-214 CI
Page 2 of 3

information.  The Hivelys certainly requested information regarding "Reasonable" and

"Reasonable and Customary" long before September 2004.

    DATED this 18th day of June, 2007.

            LAW OFFICE OF DAVID D. CLARK
            Attorneys for Plaintiff

            By:__s/ David Clark_____
              David Clark
              101 E. 9th Ave., Suite 12-B
              Anchorage, AK 99501
              Phone: (907) 272-7989
              Fax: (907) 274-9829
              E-Mail dclark@lawddc.com
              AK Bar No. 8310110

I HEREBY CERTIFY that on June 18, 2007
a copy of the foregoing was served electronically on :

David A. Devine
Groh Eggers, LLC

   s/ David Clark