IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK HIVELY and GALINA HIVELY,<br><br>Plaintiffs,<br><br>vs.<br><br>BBA AVIATION BENEFIT PLAN and BBA AVIATION SHARED SERVICES, INC.,<br><br>Defendants. | Case No. 3:05-cv-214 TMB<br><br>ORDER |

### I. Motion Presented

In Count II of their amended complaint, Plaintiffs Jack and Galina Hively allege that they are entitled to statutory penalties under 29 U.S.C. § 1132(c)(1) because Defendants refused to provide them information they requested under the BBA Aviation Benefit Plan (the "Plan") within 30 days from the date of their requests. At Docket No. 26, Plaintiffs move for summary judgment on Count II. They argue that the requests for information made by Plaintiffs do not fall within the categories of information required to be provided under 29 U.S.C. § 1024(b)(4). Therefore, they claim that Plaintiffs are not entitled to statutory penalties as a matter of law. The Court held oral argument on June 15, 2007. After considering the parties' briefs and arguments, Defendants' motion is hereby GRANTED.

### II. Background

There is no dispute that Plaintiffs were given a copy of the BBA Benefit Plan, Summary Plan Description and a benefit summary of the Plan in a timely manner. The parties do dispute

whether three documents were improperly withheld from Plaintiffs, such that Plaintiffs are entitled to statutory penalties. The first is an email from an employee at United Health Care ("UHC") to a benefits administrator at BBA explaining how reasonable and customary charges are calculated in Alaska. The second is a Benefits Broadcast dated September 2004 explaining a change to the calculation of reasonable and customary charges in Alaska. The third is an Administrative Services Agreement between UHC and BBA Aviation Benefit Plan. The Court will address each document in turn.

### III. Standard of Review

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law.[1]

### IV. Discussion

Under 29 U.S.C. § 1132(c)(1), any administrator who fails or refuses to comply with a request for any information which the administrator is required by law to furnish within 30 days may be subject to a penalty of up to $100 a day from the date of the failure or refusal. 29 U.S.C. § 1024 (b)(4) sets forth the documents subject to the statutory penalty, stating:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

In *Hughes Salaried Retirees Action Committee v. Administrator of the Hughes Non-Bargaining Retirement Plan*, the Ninth Circuit explained the purpose of the provision:

---

[1] FED R. CIV. P. 56(c); *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir. 2000).

The relevant documents are those documents that provide individual participants with information about the plan and benefits. As the legislative history bears out, the documents contemplated by [§ 1024(b)(4)] are those that allow "the individual participant [to] know[ ] exactly where he stands with respect to the plan-what benefits he may be entitled to, what circumstances may preclude him from obtaining benefits, what procedures he must follow to obtain benefits, and who are the persons to whom the management and investment of his plan funds have been entrusted."[2]

The court then determined that §1024(b)(4) should be interpreted narrowly, concluding that "[§1024(b)(4)] requires the disclosure of only the documents described with particularity and 'other instruments' similar in nature."[3] In *Shaver v. Operating Engineers Local 428 Pension Trust Fund*, the Ninth Circuit further explained that "[t]he statute mentions only legal documents that describe the terms of the plan, its financial status, and other documents that restrict or govern the plan's operation."[4]

The Court concludes that the documents requested by Plaintiffs do not fall within the scope of the statute as narrowly construed by the Ninth Circuit. The email from an employee at UHC to a benefits administrator at BBA explaining how reasonable and customary charges are calculated in Alaska is not the type of formalized legal plan document contemplated by the statute. And imposing penalties for failure to supply the email would lead to an impractical result. If Plan administrators were required to provide informal emails reflecting requested information, they would have to search employee emails every time a participant or beneficiary makes a request, or risk penalties. The Ninth Circuit cautioned against such impractical results in *Shaver*, when it

---

[2]   72 F.3d 686, 690 (9th Cir. 1995) (*quoting* S.Rep. No. 127, 93d Cong., 2d Sess. (1974), reprinted in 1974 U.S.C.C.A.N. 4838, 4863.)

[3]   72 F.3d at 691.

[4]   332 F.3d 1198, 1202 (9th Cir. 2003).

concluded that a request for itemized lists of expenditures from a pension trust fund did not trigger the statutory penalty provision. The Court reasoned that the lists:

> at most relate only to the manner in which the plan is operated. Every expense the plan incurs falls under that broad definition, and the practical result of adopting such an interpretation would be to force the plan administrators to turn over every receipt they have any time a participant or beneficiary requests that the administrators do so. We continue to believe that "instruments" refers to "... documents that provide individual participants with information about the plan and benefits."[5]

The email is not such an instrument.

The Court also declines to impose penalties in connection with the Benefits Broadcast dated September 2004. The Benefits Broadcast explains changes to the calculation of reasonable and customary rates for claims. Whether the Benefits Broadcast would fall within the statute presents a closer question than the email, but under the facts of this case, the Court need not resolve that question.[6] Plaintiffs acknowledge that they timely received the Benefits Broadcast in 2004. Under these facts, the Benefits Broadcast could not trigger a statutory penalty. While the Plaintiffs claim that they are still entitled to statutory penalties for earlier requests for information regarding reasonable and customary charges, aside from the email and the Administrative Services Contract, they point to no other specific documents they were denied.

---

[5]  *Shaver,* 332 F.3d at 1202 (*quoting Hughes*, 72 F.3d at 690.)

[6]  Following oral argument, Defendants filed a notice of a supplemental exhibit. They claimed that Plaintiffs argued for the first time at oral argument that the Benefits Broadcast was a plan instrument and offered an exhibit showing that Mr. Hively was sent an email with the September 2004 Benefits Broadcast on September 13, 2004 and read the email. At Docket No. 52, Plaintiffs move to strike the notice of supplemental exhibit or, alternatively, to file a response to Defendants' notice of supplemental exhibit. The Court hereby GRANTS Plaintiffs' motion to file a response to Defendants' notice of supplemental exhibit, and considers Plaintiffs' response in reaching its conclusion.

Finally, Plaintiffs claim that they should have been provided with the Administrative Services Agreement between UHC and BBA. Defendants acknowledge that Plaintiffs specifically requested the contract, and Defendants did not provide it. Defendants argue that the contract was withheld on the grounds that the agreement did not create any rights in favor of plan beneficiaries, but was simply an administrative services contract creating rights and obligations between UHC and BBA. Plaintiffs argue that the contract is not simply an administrative document, but establishes how claims will be paid and how beneficiaries will be treated, and thus falls within §1024(b)(4).

The Court agrees with Defendants. It is undisputed that the Plan documents supplied to Plaintiffs establish that, once Plaintiffs meet their deductible, they are required to pay 20% of reasonable charges, while the Plan is required to pay 80% of reasonable charges. The Plan defines reasonable charge as:

> As to charges for services rendered by or on behalf of a Network Physician, an amount not to exceed the amount determined by the Company in accordance with the applicable fee schedule.
>
> As to all other charges, an amount measured and maintained by the Company by comparing the actual charge for the service or supply with the prevailing charges made for it. The Company determines the prevailing charge. It takes into account all pertinent factors including:
>
> - The complexity of the service.
> - The range of services provided.
> - The prevailing charge level in the geographic area where the provider is located and other geographic areas having similar medical cost experience.

Count I of Plaintiffs' complaint seeks payment of medical bills which the Plaintiffs allege should have been covered under the terms of the Plan. They allege that "Alaska is a geographic area and the defendants failed to pay commensurate with the prevailing geographic area." Whether claims were paid in accordance with the terms of the Plan will be a central question in this dispute.

But while the Administrative Services Agreement requested by Plaintiffs is relevant and discoverable in connection with Count I of Plaintiffs' claim,[7] it does not fall within the scope of § 1024(b)(4) because it does not establish any rights of Plan participants and beneficiaries, and relates "only to the manner in which the plan is operated."[8]

Since Plaintiffs have identified no documents within the scope of § 1024(b)(4) that were withheld for more than 30 days, Defendants' motion at Docket No. 26 for partial summary judgment on Count II is GRANTED.

### V. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment at Docket No. 26 is hereby GRANTED, and Plaintiffs' motion to file a response to Defendants' notice of supplemental exhibit at Docket No. 52 is hereby GRANTED.

Dated at Anchorage, Alaska, this 27th day of June, 2007.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge

---

[7] *See, e.g.*, *Hess v. Hartford Life and Acc. Ins. Co.*, 91 F. Supp. 2d 1215, 1227 (C.D. Ill. 2000) ("Although useful to Hess, and certainly discoverable in litigation, these documents do not fall within the Seventh Circuit's narrow reading of subsection 1024(b)(4)'s 'other instruments' language. However relevant to Hess' claim, documents relating to the particular claim of one claimant are simply not the sort of legal instruments under which the plan was managed.").

[8] *Shaver,* 332 F.3d at 1202.